**Jane DOE, Plaintiff,**

**v.**

**Stephen HALLOCK, Shinn Lee, and Trilogy Communications, Inc., Defendants.**

**Civ. A. No. J87–0353(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 8, 1987.

Barbara Chiles Wallace, George Q. Evans, Wise, Carter, Jackson, Miss., for plaintiff.

M. Curtiss McKee, Richard D. Mitchell, Fuselier, Ott, McKee & Walker, P.C., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e—2000e–17, in which the plaintiff has sought to proceed under a pseudonym, "Jane Doe," in an effort to retain her anonymity. The complaint charges that plaintiff's former employers, defendants Steven Hallock, Shinn Lee and Trilogy Communications, Inc., sexually harassed her throughout her employment by treating her in a derogatory and humiliating manner solely because of her gender, that she was denied a promotion which ultimately went to a male employee because she refused to succumb to sexual advances by defendant Hallock, and that she was involuntarily terminated because

of her gender. The complaint further charges that defendants intentionally retaliated against plaintiff for filing an EEOC charge. Plaintiff also asserts pendent state law claims for wrongful termination, assault and battery, intentional infliction of emotional harm and invasion of privacy. In addition, there is a claim of an ERISA violation for defendants' refusal to pay to plaintiff contributions due her under a company profit-sharing plan.

This cause is now before the court on the motion of defendants to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that this court lacks both subject matter jurisdiction and personal jurisdiction over the plaintiff and defendants and that process was insufficient. Also for consideration by the court are motions by plaintiff to amend the complaint to substitute her real name in the event she is not allowed to proceed anonymously and for a protective order to have the court record sealed.

The substance of defendants' motion to dismiss is that a lawsuit in this matter has not been "commenced," as that term is defined by Rule 3 of the Federal Rules of Civil Procedure, and that, consequently, this court lacks jurisdiction over the subject matter as well as personal jurisdiction over the parties. Defendants further assert that since the complaint was not properly filed, the court clerk had no authority to issue summons, thereby rendering process insufficient. The grounds for defendants' objection to the complaint as filed are that plaintiff had no authority to bring the action under a pseudonym and that since Jane Doe is merely a fiction and does not exist, an action has not been commenced under the applicable rules of procedure. Therefore, according to defendants, the complaint was ineffective to commence the action.

Under Rule 3 of the Federal Rules of Civil Procedure, "a civil action is commenced by filing a complaint with the court." Rule 10 states that in the complaint, "the title of the action shall include the names of all the parties...." In support of the proposition that this court lacks

jurisdiction because the action has not been properly commenced, defendants rely predominantly on *Roe v. State of New York*, 49 F.R.D. 279 (S.D.N.Y.1970), wherein the court held that

> if a complaint does not identify any plaintiff in the title or otherwise, then its filing is ineffective to commence an action. The Court must be able to identify from the complaint at least one plaintiff by name; otherwise, no action has been commenced.

*Roe v. State of New York*, 49 F.R.D. at 281. The court further ruled that the subsequent disclosure of the true identities of the plaintiffs did not change the status of the case since, in that court's opinion, no action had been commenced by filing of the complaint and nothing would serve to change that.

The decision in *Roe v. State of New York*, upon which defendants heavily rely, was rendered in 1970, a time in which instances of parties suing pseudonymously were rare. *See Steiner, Public Trial, Pseudonymous Parties: When Should Litigants be Permitted to Keep Their Identities Confidential?* 37 Hastings L.J. 1 (1985). Since that time, however, increasing numbers of parties have sought for a variety of reasons to sue anonymously in order to keep their identities confidential, and in fact, "a practice has developed permitting individuals to sue under fictious names" under certain circumstances. 27 Fed.Proc., L.Ed. § 62:96 (1984); *see also Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974) (noting host of cases have been prosecuted under fictitious names since *Roe v. New York*). Thus, the central inquiry before the court is whether the plaintiff should be permitted to proceed in this cause under a pseudonym and if not, whether, as defendants contend, the cause must be dismissed in its entirety for plaintiff's alleged failure to properly commence the action.

The decision whether to allow the use of fictitious names based on a need for anonymity in a particular lawsuit is left to the discretion of the trial court. *See Roe v. Borup*, 500 F.Supp. 127, 130 (E.D.Wis.

1980). There is, however, no express standard to guide the court in making its decision. Rather, the court must balance the plaintiff's interest in maintaining anonymity against the "customary and constitutionally-embedded presumption of openness in judicial proceedings[,]" *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981), since

> it is axiomatic that lawsuits are public events and that the public has a legitimate interest in knowing the facts involved, including the identities of the parties.... The defendant also has a strong interest in knowing who is suing him.

*Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal.1981). It must be borne in mind, though, that the policy under Rule 10 favors disclosure of the names of litigants,[1] such that

> identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized.

*Lindsey v. Dayton–Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir.1979); *see also Doe v. Deschamps*, 64 F.R.D. 652, at 653 (D.Mont.1974) (court should grant permission to proceed under fictitious name only in exceptional circumstances where interest of justice so requires). That is, there are limited exceptions to the Rule 10 requirement of disclosure where parties have strong interests in proceeding anonymously. *Doe v. Rostker*, 89 F.R.D. at 161.

In *Southern Methodist University Association v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979), the Fifth Circuit observed that while neither Title VII nor the Federal Rules of Civil Procedure make provision for plaintiff to proceed anonymously, there are certain special circumstances in which that technique has been allowed.

> "[W]here the issues involved are matters of highly sensitive and highly personal nature," such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing any parties' identities yields "to a policy of protecting privacy in a very private matter."

*Wynne & Jaffe*, 599 F.2d at 712 (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974) (footnotes omitted). The court went on to note certain common characteristics in cases affording plaintiffs anonymity.

> The plaintiffs in those actions ... divulged personal information of the utmost intimacy; many also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct.... Furthermore, all ... were challenging the constitutional, statutory or regulatory validity of government activity.

*Wynne & Jaffe*, 599 F.2d at 713. The Fifth Circuit has since made it clear that the common characteristics noted in *Wynne & Jaffe* need not each be present in order for a plaintiff to be allowed to proceed anonomously, but they do "deserve considerable weight in the balance pitting privacy concerns against the presumption of openness of judicial proceedings." *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir.1981).

█ In the case at bar, plaintiff seeks to avoid disclosing her true name in order to protect herself against embarrassment and unwanted invasion of her personal privacy since the matters contained in her complaint, she charges, are private matters of an intimate personal nature. For that reason, plaintiff maintains that she is entitled to file the complaint and proceed in this cause anonymously. The court however, while not unsympathetic with plaintiff's pleas for privacy, is not persuaded that the need for anonymity is so compelling as to permit nondisclosure. The nature of the claims charged by plaintiff in the case at bar does not involve any admission by plaintiff that she has violated the law or that she desires to engage in illegal conduct, nor does she seek to challenge the validity of any government activity. Rath-

---

**1.** The intention of Rule 10 is to "apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceed-

ings." *Free Market Compensation v. Commodity Exchange, Inc.*, 98 F.R.D. 311, 312 (S.D.N.Y. 1983); *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal.1981).

er she alleges improper conduct toward her by *private* individuals. The only basis for her desire to proceed anonymously lies in her having "divulged personal information of the utmost intimacy." *See Wynne & Jaffe,* 599 F.2d at 713. In *Doe v. Rostker,* the court recognized that

a plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. The most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity. *That the plaintiff may suffer some embarrassment or economic harm is not enough. There must be a strong social interest in concealing the identity of the plaintiff.*

*Rostker,* 89 F.R.D. at 162 (emphasis added).

Plaintiff has submitted to the court an affidavit, under seal, wherein she states that if she is required to reveal her true identity, she fears that she will be subjected to harassment and retaliation, and in support of her fears cites incidents which have occurred since her filing of this action, including as examples unsettling telephone calls. However, the plaintiff's claim in this case is directed at and could potentially affect only a limited number of individuals, namely the defendants. Thus, it is highly unlikely that she could reasonably expect harassment from the community in general. Rather, the source of any harassment apparently is already aware of plaintiff's identity, and there is little reason to believe that disclosure of her identity in this lawsuit would serve to increase the number of such incidents.

Moreover, the court would note that by filing her complaint, the plaintiff has levelled serious charges against the defendants, and has specifically identified them in the complaint. In *Wynne & Jaffe,* the Fifth Circuit noted that,

the mere filing of a civil action against other private parties may cause damages to their good names and reputation and may also result in economic harm. Defendant[s] ... stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

*Wynne & Jaffe,* 599 F.2d at 713. The court in the present case does not wish to minimize the significance of the plaintiff's fears of humiliation, embarrassment and reprisal, but nevertheless concludes that plaintiff, if she desires to proceed with this lawsuit, must reveal her true identity as a matter of basic fairness and consistent with the policy of disclosure of parties' identities. She has not demonstrated that this is an exceptional case in which a compelling need exists to protect an important safety or privacy interest. *See Free Market Compensation v. Commodity Exchange, Inc.,* 98 F.R.D. 311, 312 (S.D.N.Y. 1983).

■ Although the court has concluded that plaintiff may not proceed in this cause as Jane Doe, the court nevertheless finds that defendants' objection to the court's jurisdiction and the validity of process is not well taken. The court is not bound by and declines to follow the holding in *Roe v. State of New York.* Although plaintiff did bring this action as Jane Doe and did not reveal her true name anywhere in the complaint or any attachments thereto,[2] she did state in the complaint that she would disclose her name in an affidavit under seal with the clerk of this court or as required by order of the court. Thus, the plaintiff made it clear that she was willing to make her identity known should the court so order. Further, the defendants have not intimated and apparently could not reasonably suggest that they do not know plaintiff's identity. They, at least, are not and have not been in the dark. Under the circumstances, the court is of the opinion that this cause was effectively commenced

---

**2.** Defendants argue that the action would have been properly commenced had plaintiff either signed the complaint in her true name or if the complaint had otherwise indicated who she was.

and that this court may therefore properly exercise jurisdiction over the parties and the subject matter. While the better course would have been for plaintiff to have sought court approval or to have moved for a protective order upon filing her complaint, the court is unable to conclude that the method employed was ineffective to commence this case. Accordingly, the court is of the opinion that defendants' motion to dismiss should be denied.

Along with her response to defendants' motion to dismiss, plaintiff moved to amend the complaint to substitute her real name for the name Jane Doe in the event the court determined she should not be permitted to proceed anonymously. This court is of the opinion that the motion should be granted. Both plaintiff and defendants have presented lengthy arguments in their briefs on the issue of whether the amendment substituting plaintiff's true name should relate back to the date of the original pleading. Defendants took the position that since no action had been commenced, there is nothing to which an amendment can relate back. Plaintiff, on the other hand, argued that if the court were to determine that the action had not been commenced by a filing under the name of Jane Doe, then relation back of the amendment substituting her name would be essential and in the interest of justice inasmuch as the statute of limitations for bringing this action expired shortly after the filing of the original complaint. However, because the court has determined that this action was effectively commenced upon the original filing of the complaint, allowing the amendment to relate back is neither necessary to plaintiff's cause of action nor prejudicial to the defendants.[3]

▪ Finally, before the court for consideration is the motion of plaintiff for a protective order and order sealing the record in this cause to ensure the confidentiality of all matters, including parties, pleadings and witnesses. In essence, what plaintiff seeks is to prevent the disclosure of her actual name to all but the court and defendants. The defendants are already aware of plaintiff's identity, as is the court by virtue of having reviewed plaintiff's affidavit filed in connection with the present motions. The reasons set forth by plaintiff's motion for protective order are the same as those advanced in support of her argument that she should be allowed to proceed anonymously. The court again is not persuaded that the interests asserted by plaintiff in making these proceedings confidential outweigh the policy of judicial openness. The court is of the opinion that plaintiff's motion for protective order should be denied.

Accordingly, it is ordered that defendants' motion to dismiss is denied. It is further ordered that plaintiff's motion to amend is granted and she is hereby given five days from the entry of this order to amend her complaint to reflect her true identity. Finally, it is ordered that plaintiff's motion for protective order is denied.

---

**3.** The defendants had notice of the lawsuit and knew who plaintiff was before the expiration of the statute of limitations.