**John DOE and Jane Doe**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA**

v.

**Michael C. HALL.**

**Civ. A. No. 90–0207–T.**

United States District Court, D. Rhode Island.

Aug. 29, 1990.

Alden C. Harrington, Boyajian, Harrington & Richardson, Providence, R.I., for John & Jane Doe.

C. Russell Bengtson, Carroll, Kelly & Murphy, Providence, R.I., for Prudential.

Michael C. Hall, San Francisco, Cal., pro se.

## MEMORANDUM AND ORDER

TORRES, District Judge.

### I. BACKGROUND

This is an action by the parents of a young man who recently died of AIDS in which the parents seek to recover the proceeds of a policy of insurance on their son's life. The insurer's records indicate that the decedent never designated a beneficiary. In the absence of such a designation, the policy provides for payment to the following persons, if any, in the following order of priority:

    A. Surviving spouse;

    B. Surviving children;

    C. Surviving parents.

The plaintiffs contend that they are entitled to the proceeds since their son left no surviving spouse or surviving children. However, the insurer refuses to pay them because Michael C. Hall, a California resident, has also asserted a claim to the proceeds. Hall's claim is based on the assertion that he is the decedent's surviving spouse or, alternatively, that the decedent intended him to be the beneficiary.

In order to resolve the conflicting claims and avoid exposing itself to multiple liabilities the insurer has filed a third-party complaint in the nature of interpleader pursuant to 28 U.S.C. § 1335 in which it seeks to join Hall and have this Court resolve the conflicting claims to the policy proceeds.

The case is presently before the Court for consideration of the plaintiffs' motion to proceed under fictitious names so as to keep their identities confidential and the third-party defendant's motion to dismiss or transfer on the ground that venue is improper.

### II. MOTION TO PROCEED UNDER FICTITIOUS NAMES

As its title implies, plaintiffs' motion to proceed under fictitious names asks only that aliases be substituted for their actual names and that of their late son. They do not seek to seal the entire file. Therefore, the substance of the pleadings and any other documents that may be filed by the parties will remain public information. It is only the identities of the plaintiffs and their son that would be withheld.

During the pendency of that motion, the Court has sequestered the original pleadings since failure to do so would render the Court incapable of granting the requested relief if the plaintiffs prevail. However, at the Court's direction, the plaintiffs have filed fictitious name pleadings that are open to public inspection.

■ In passing on the plaintiffs' motion, the Court must begin with the strong and well established presumption that pleadings filed with the Court in connection with pending cases are public documents. That presumption may be rebutted by a showing that there is an overriding reason for confidentiality. Once such a reason is proffered, the Court must then balance the need for confidentiality against any public interest that may be served by requiring disclosure.

■ The burden one must carry in order to establish a need for confidentiality is directly proportional to the scope and the duration of the restriction sought. Requests to proceed under fictitious names have been granted where it is demonstrated that disclosure would result in harassment, the threat of physical harm, or other similar consequences.

■ In this case, the plaintiffs' have offered no such reasons. Instead, they rely on an understandable desire to prevent what they consider to be "personal, private, and family matters" from becoming public information. This Court is very solicitous of individual rights to privacy and is sympathetic to efforts to protect those rights. However, it is inappropriate for the Court to bar access to otherwise public records solely on the basis of subjective feelings of confidentiality or embarrassment of the type asserted here. Many litigants prefer

that the lawsuits in which they are involved not be publicized especially when they involve matters that may be viewed as personal or private. They may also experience varying degrees of embarrassment from the prospect that such matters may become public information. However, to prevent disclosure of their identities in all such cases would create an exception that virtually swallows the rule.

While the line between those cases in which such requests should and should not be granted is sometimes difficult to draw, it clearly has not been crossed in this case. The plaintiffs have not proffered a sufficiently compelling reason to overcome the presumption that court records should be considered public documents. It may be that, in this case, the public interest in disclosure of their identities is minimal. However, under these circumstances that is not a determination for the Court to make. Rather, it is a matter that depends upon the editorial judgment and sensitivity of those in a position to disseminate such information. Therefore, the plaintiffs' motion to proceed under fictitious names is denied.

### III. MOTION TO DISMISS OR TRANSFER

■ Hall's motion to dismiss appears to be based on the contention that venue is proper only in the district where the defendant or all of the defendants reside. That contention overlooks the fact that the insurer has filed an answer in the nature of interpleader pursuant to 28 U.S.C. § 1335. Rule 22(1) Fed.R.Civ.P. makes it clear that such relief is available to a defendant as well as to a plaintiff. Moreover, 28 U.S.C. § 1397 makes it equally clear that, in an interpleader action, venue is proper in the district where any of the claimants reside. Specifically, that section states:

> Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside.

28 U.S.C. § 1397.

Since the plaintiffs are, in effect, claimants in the interpleader action, venue is proper. Otherwise, it would be impossible to maintain such an action anywhere unless all claimants happened to be residents of the same district.

■ Alternatively, Hall seeks to transfer this litigation to the Northern District of California on the ground that it is a more convenient forum. In support of that request, he lists a number of reasons why it would be inconvenient for him and his witnesses to litigate this case in Rhode Island. Most of those reasons amount to nothing more than a mirror image of reasons why it would be inconvenient for the plaintiffs' and their witnesses to litigate in California. Moreover, many of the witnesses referred to by Hall are described as persons who would testify about the "spousal relationship" between Hall and the decedent. However, Hall has provided the Court with no law indicating that such a relationship is legally recognized in any applicable jurisdiction.

In short, the Court finds that Rhode Island is no less convenient a forum than California would be.

### IV. CONCLUSION

For all the foregoing reasons, the plaintiffs' motion to proceed under fictitious names and Hall's motion to dismiss or transfer are hereby denied. However, the original pleadings bearing the true identities of the plaintiffs and their son shall remain under seal for a period of ten days so that if the plaintiffs seek review of this order, the relief which they seek will still be available in the event they are successful.

IT IS SO ORDERED.