**Jane DOE, Plaintiff,**

v.

**BELL ATLANTIC BUSINESS SYSTEMS SERVICES, INC. and Mark Bowse, Defendants.**

**Civ. A. No. 95–40057–NMG.**

United States District Court, D. Massachusetts.

Aug. 1, 1995.

Harvey Schwartz, Boston, MA, for Jane Doe.

John F. Welsh, III, Boston, MA, for Bell Atlantic Business Systems Services, Inc.

Gary M. Feldman, Boston, MA, for Mark Bowse.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion by the plaintiff, identified as "Jane Doe," pursuant to Local Rule 7.2, to prosecute this action under a pseudonym. Plaintiff has filed, as Exhibit A to this motion, a statement disclosing her true identity. Plaintiff asks the Court to order that her true identity remain confidential, except as to the parties, their attorney's, and such experts and assistants as are utilized by the parties and their counsel.

## I. FACTUAL BACKGROUND

Plaintiff alleges that Mark Bowse, her immediate supervisor at Bell Atlantic Business System Services, Inc. ("Bell Atlantic"), sexually harassed her for a protracted period of time, and physically attacked her on July 24, 1994. Plaintiff asserts that Bell Atlantic committed employment discrimination, in violation of 42 U.S.C. § 2000e *et seq.* and M.G.L. c. 151B § 4, because it:

1) compelled plaintiff to work in a sexually hostile environment;

2) failed the remedy the sexually hostile environment after being placed on notice;

3) discriminated against the plaintiff, through the conduct of its supervisory employee, on account of her sex; and

4) discriminated against her in the terms and conditions of her employment, and terminated her on account of her sex.

Plaintiff further claims that Bowse aided, abetted, incited, compelled and coerced all of the discriminatory conduct stated above, in violation of M.G.L. c. 151B § 4(5).

In her motion to prosecute this action under a pseudonym, plaintiff asserts that she

has suffered significant psychological trauma as a result of these experiences. In particular, plaintiff is concerned that she may have contracted the HIV virus as a result of the alleged assault. Plaintiff further asserts that she and her husband are from traditional Chinese families which will react very negatively if the alleged events become public.

## II. THE LEGAL STANDARD

Fed.R.Civ.P. 10(a) states:

Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number and a designation as in Rule 7(a). In the complaint the title of the action **shall include the names of all the parties,** but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties (emphasis added).

While Fed.R.Civ.P. 10(a) does not specifically provide for parties to proceed anonymously, courts have held that:

The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' It is the exceptional case in which a plaintiff may proceed under a fictitious name.

*Doe v. University of Rhode Island,* 1993 WL 667341 (D.R.I.), *citing Doe v. Frank,* 951 F.2d 320 (11th Cir.1992), *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir.1981).

■ It is within the Court's discretion to allow a plaintiff to proceed pseudonymously. *Doe v. University of Rhode Island; Doe v. Hallock; Doe v. Blue Cross and Blue Shield of Rhode Island,* 794 F.Supp. 72, 73 (D.R.I. 1992) (where the district court allowed the plaintiff to proceed under a pseudonym because his suit related to his status as a transsexual, noting that "I will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure."). The analysis is as follows:

1) there is a presumption in favor of disclosure;

2) a party may rebut the presumption by showing that a need for confidentiality exists;

3) the court must balance the need for confidentiality against the public interest in disclosure.

*Doe v. Prudential Ins. Co. of America,* 744 F.Supp. 40, 41 (D.R.I.1990).

A review of the relevant case law shows that many fictitious name cases involve the following circumstances:

1) plaintiffs challenging governmental activity;

2) plaintiffs required to disclose information of the utmost intimacy; and/or

3) plaintiffs compelled to admit their intention or desire to engage in illegal conduct.

■ Courts have allowed plaintiffs to proceed anonymously in cases involving social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of plaintiff's identity. Economic harm or mere embarrassment are not sufficient to override the strong public interest in disclosure. Cases in which parties are allowed to proceed anonymously because of privacy interests often involve "abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases." *Doe v. Blue Cross and Blue Shield of Rhode Island,* 794 F.Supp. 72, 74 (D.R.I. 1992), *citing Doe v. Rostker,* 89 F.R.D. 158, 161 (N.D.Col.1981).

Plaintiffs alleging sexual harassment have generally not been allowed to proceed anonymously. In *Doe v. Hallock,* 119 F.R.D. 640 (S.D.Miss.1987), the plaintiff sued pursuant to 42 U.S.C. 2000e *et seq.,* and contended that she had been sexually harassed and discriminated against by her former employers. Plaintiff claimed that she had an interest in proceeding anonymously because her charges involved matters of an intimate personal nature. She also claimed that she feared future harassment and retaliation if her identity were revealed.

The *Hallock* Court found that retaliation was more likely to come from the defendants who already knew of her identity than from

the community at large, and therefore fear of reprisals did not support a need for anonymity. The Court further noted that because the defendants were publicly named in the complaint they had been exposed to reputational harm and embarrassment, and that fairness dictated revelation of the plaintiff's identity as well. *Southern Methodist University Association v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir.1979). Ultimately, the Court held that plaintiff had "not demonstrated that this is an exceptional case in which a compelling need exists to protect an important safety or privacy interest," *Hallock,* 119 F.R.D. at 644.

In *Doe v. University of Rhode Island,* 28 Fed.R.Serv.3d 366, 1993 WL 667341 (D.R.I. 1993), the plaintiff, a former student of the defendant university, claimed that she was sexually assaulted at a fraternity party as a result of the negligence of the defendants. At the time of the suit, plaintiff was a student at a different school, and she sought to sue anonymously in order to avoid 1) the social stigma associated with being a victim of sexual assault, and 2) harassment and ostracism at her new school.

The Court noted that plaintiff had shown that if her identity were revealed she would be subject to "some personal embarrassment and perhaps ridicule." The Court found, however, that the plaintiff did not present a case which has been traditionally recognized as involving compelling privacy interests. Furthermore, plaintiff admitted that her identity was well known to students at the University of Rhode Island, and that she had been publicly named in a related case. The Court held that:

> while I am sympathetic to plaintiff's quest for privacy, I do not find her situation is so compelling that nondisclosure is appropriate. It must be remembered that plaintiff is a victim and not the perpetrator of a violent, abusive and criminal act. The nature of plaintiff's claim does not involve any admission on her part that she has or will be engaged in any illegal activity, that she has violated the law or that she will-

ingly engages in unaccepted sexual practices.

*Id.* at \*3.

The Court refused to allow the plaintiff to proceed anonymously.

## III. DISCUSSION

### A. *Plaintiff's Arguments*

While the plaintiff in this action does not fall into a traditional category of litigants allowed to proceed anonymously, her motion presents a sympathetic argument. First, plaintiff alleges the following factual circumstances:

1) She was sexually assaulted by the defendant Mark Bowse.

2) As a result of that assault, she is now concerned that she may be infected with the HIV virus.

3) Plaintiff and her husband both come from traditional Chinese families and if the fact that plaintiff was sexually assaulted were to become known to the general public she would suffer intense embarrassment and shame within her community.

4) Plaintiff and her husband have not told their families of the attack.

5) As a result of the attack, plaintiff has become "despondent, reclusive and, at times suicidal ... unable to work ... a virtual prisoner in her home ... out of fear that Bowse would try to spy on her." Complaint, ¶ 29.

Second, plaintiff submits, in support of her motion, that the Commonwealth of Massachusetts has a strong public policy in favor of protecting the privacy of rape victims. She cites several state statutes which allow for confidentiality with respect to the identity of rape victims and reports prepared by police officers, doctors, and counselors regarding rape victims. M.G.L. c. 41 § 97D, c. 112 § 12A½, c. 233, § 20J, c. 265 § 24C.

### B. *Defendant's Arguments*

The defendant Mark Bowse opposes plaintiff's request to proceed as "Jane Doe." Bowse denies charges that he harassed and attacked the plaintiff, and asserts that "any physical contact between plaintiff and [him-

self] was consensual and was initiated by the plaintiff." Defendant Bowse further contends that his reputation has been irreparably harmed by the plaintiff's allegations.

In opposition to this motion, defendant argues that:

1) Plaintiff does not fall into any of the traditional categories of parties who have been allowed to proceed anonymously.

2) It would be unfair to allow plaintiff to make such serious allegations anonymously.

3) Plaintiff's request for anonymity is moot because her true identity was previously revealed to the EEOC and the MCAD in connection with her complaints against Bowse with those agencies.

4) The criminal statutes cited by the plaintiff are irrelevant to this civil action.

5) "In interpreting the provisions of similar rape shield statutes, the Supreme Court has ruled that where the rape victim's true identity has already been publicly revealed, a court could not constitutionally restrain the dissemination of the person's identity." Bowse opposition, at 8. *Florida Star v. B.J.F.*, 491 U.S. 524, 535, 109 S.Ct. 2603, 2610, 105 L.Ed.2d 443 (1989); *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975).

The Court notes that in *Florida Star* and *Cox Broadcasting Corp.,* the Supreme Court ruled that, because of First Amendment interests, newspapers cannot be held civilly liable for publishing the names of rape victims when the reporters learned the names from public documents and proceedings. These cases do not stand as a bar to plaintiff's motion to impound.

C. *Analysis*

■ While the Court is sympathetic to plaintiff's concerns, it finds that the plaintiff has not presented a case so compelling as to permit her to proceed anonymously. Plaintiff's fundamental concern seems to be embarrassment, which is not, in itself, grounds for proceeding under a pseudonym. Furthermore, the criminal statutes cited by plaintiff apply to situations where the government chooses to prosecute a case, and

offers anonymity to a victim who does not have a choice in or control over the prosecution.

In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record. The Court is cognizant of the defendants' concerns, and finds that it would be fundamentally unfair to allow plaintiff to make such serious allegations against them without standing, as they must, in a public forum.

The Court finds that plaintiff has not demonstrated such a compelling need for privacy as to outweigh the rights of the defendants and the public to open proceedings. Furthermore, because plaintiff's true identity was revealed in administrative proceedings, the request for anonymity is effectively moot. Consequently, the plaintiff's motion to proceed under a pseudonym will be denied.

### ORDER

For the reasons stated, plaintiff's motion for impoundment is DENIED. Plaintiff shall file, within the next 30 days, a copy of the verified complaint which bears 1) the case number, Civil Action 95–40057–NMG, and 2) her true name. Failure to comply with this order will result in the dismissal of the pending claims.

SO ORDERED.