**Cynthia MACINNIS, Plaintiff,**

**v.**

**CIGNA GROUP INSURANCE COMPANY OF AMERICA, Life Insurance Company of America & Bae Systems Information and Electronic Systems Long Term Disability Plan, Defendants.**

**No. CIV.A. 05–11313NMG.**

United States District Court, D. Massachusetts.

July 8, 2005.

Mala M. Rafik, Rosenfeld & Rafik, PC, Boston, MA, for Cynthia Macinnis, Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

In the instant ERISA dispute, plaintiff Cynthia MacInnis ("MacInnis") moves for leave to proceed under a pseudonym and

for an order sealing this case. MacInnis alleges that she suffers from "major depression and anxiety". As a result, she believes that public disclosure of her name "would have a severely damaging impact on the lives of [her] and her daughter" in two ways: 1) it would create a danger of discrimination or stigmatization and 2) it would increase her emotional distress.

In determining whether a litigant may proceed anonymously, the court must assess "whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings". *Doe v. Bell Atlantic Business Systems*, 162 F.R.D. 418, 420 (D.Mass. 1995); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F.Supp. 72, 73 n. 3 (D.R.I.1992). The burden is upon the proponent to demonstrate the need for confidentiality. *Bell Atlantic Business Systems*, 162 F.R.D. at 420. If the need for confidentiality is shown, courts consider whether there exist "less drastic means" by which to protect the litigant. *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D.Ind.1996).

Here, plaintiff has not overcome the constitutional preference for openness in judicial proceedings. She offers only a one-sentence, conclusory assertion that disclosure of her depressive/anxiety disorder could generate social stigma and discrimination unsupported by evidence or explanation. The burden is hers and it cannot be carried in such a cursory manner.

Cases challenging a denial of ERISA health benefits routinely involve disclosure of mental and physical illnesses. Likewise, the medical histories of tort victims are a common subject of negligence and medical malpractice cases. In short, it is difficult to perceive disclosure of a depressive/anxiety disorder as presenting the

"exceptional" case for which anonymity was intended. *Bell Atlantic Business Systems*, 162 F.R.D. at 422 ("[i]n the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record").

To the extent that the plaintiff has legitimate privacy concerns with respect to particular matters, they are best addressed on a document-by-document basis. If particularly sensitive information is to be disclosed during the course of litigation, the Court will entertain a motion to seal it. Plaintiff's motion to seal the entire case and proceed pseudonymously (Docket No. 2) is, however, **DENIED**.

**So ordered.**