SANDRA SINGER *vs.* HENRY ROSENKRANZ (and a consolidated case[1]). March 23, 2009. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Transcript of testimony. *Name.*

The petitioner appeals from two decisions of single justices of this court, which we have consolidated on the petitioner's motion. We affirm.

*SJ-2005-445.* In 2001, the petitioner commenced a civil action in the Superior Court against the respondent and several other defendants. On the defendants' motion, a judge in the Superior Court (first judge) dismissed the complaint on the ground that the petitioner failed to comply with an order we issued in *Matter of an Appeal Bond (No. 2),* 428 Mass. 1022, 1023 (1999). After the first judge dismissed the complaint, the petitioner appealed and also requested, among other things not pertinent here, discovery to be used in support of her appeal and for State payment of the costs of such discovery. The petitioner specifically requested a transcript, at the Commonwealth's expense, of a hearing in a separate Superior Court action. She represents that during that hearing, another judge (second judge) ruled from the bench that our order applied only to a limited class of cases, and so she had not violated the order by commencing the action before the second judge. After the first judge denied her request, the petitioner sought review by a single justice of the Appeals Court. See G. L. c. 261, § 27D. The single justice of the Appeals Court affirmed the denial of the request. The petitioner then sought relief under G. L. c. 211, § 3. A single justice of this court denied relief. The petitioner appeals from this judgment.

The single justice did not err or abuse his discretion in denying relief.[2] The Legislature has provided that, on review of the first judge's decision denying the request for costs, the decision of a single justice of the Appeals Court "shall be final with respect to such request."[3] G. L. c. 261, § 27D. The petitioner was entitled to neither direct review by a panel of the Appeals Court

---

[1]Involving the same parties.

[2]To the extent that the petitioner argues that she did not violate the order we issued in *Matter of an Appeal Bond (No. 2),* 428 Mass. 1022, 1023 (1999), or that the dismissal of her complaint in the Superior Court was improper for any other reason, those issues are not properly before us. The first judge's ruling dismissing the petitioner's complaint on this basis can be addressed in the ordinary appellate course.

[3]The petitioner asserts that because she made her request for costs in the context of a postjudgment motion, the limited appellate procedure prescribed in G. L. c. 261, § 27D, was inapplicable. On the contrary, the petitioner plainly sought discovery, at State expense, for use in support of her appeal from the first judge's dismissal of her complaint. See G. L. c. 261, § 27B ("any civil, criminal or juvenile proceeding *or appeal* in any court" [emphasis added]). She acknowledges in her brief that the request was made pursuant to G. L. c. 261, §§ 27A-27G. The procedure prescribed in § 27D is the sole appellate route for the denial of such motions. More fundamentally, if her request were

nor extraordinary review under our superintendence power. *Hunt* v. *Appeals Court*, 444 Mass. 460, 463 n.2 (2005). *Hurley* v. *Superior Court Dep't of the Trial Court*, 424 Mass. 1008, 1009 (1997).

The petitioner nonetheless argues that the single justice should have exercised the court's extraordinary superintendence power because the transcript would be helpful in her appeal from the first judge's decision. She asserts that the first and second judges' disagreement on the scope of our order establishes that the order was not clear and unequivocal. This, she claims, means that it was improper for the first judge to dismiss the case on the ground that she violated the order. Her argument confuses the dismissal of her complaint with sanctions for contempt. As far as we are able to determine, the petitioner has not been held in contempt for any violation of our order. If the petitioner was obligated to present her complaint for prior approval and failed to do so — issues we need not and do not decide today — she was not entitled to have her complaint go forward, even if our order were not so clear and unequivocal as to support a finding of contempt. In short, the petitioner has not shown that the second judge's ruling would help her prove that the first judge was wrong.

*SJ-2007-243.* In a separate action in the county court, the petitioner, using a pseudonym, submitted a petition for relief under G. L. c. 211, § 3. Apparently prompted by an assistant clerk of the county court, she filed a request for permission to file using a pseudonym. A single justice of this court issued an order on that request, directing the petitioner to "demonstrate good cause why the Court should not dismiss the petition for failure to include the name of the petitioner" and to "submit, by affidavit, the facts that justify the use of a pseudonym. See Mass. R. Civ. P. 10 (a)[, 365 Mass. 752 (1974)]." The petitioner filed a timely response to this order. The single justice ruled that "[t]he petitioner has made no showing of any valid basis why she should be permitted to file under a pseudonym" and denied her request to do so, without prejudice. The petitioner appeals from this ruling as well.

The single justice did not err or abuse her discretion in denying the petitioner's request to proceed under a pseudonym. Pursuant to rule 10 (a), "the title of the action shall include the names of all the parties." This is a requirement in every civil action, regardless whether it is commenced in a department of the trial court or in the county court.[4] The petitioner contends that the single justice wrongly refused to make an exception for her. We have reviewed the materials she submitted to the single justice, and nothing in them compels us to conclude that the petitioner "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *Doe* v. *Bell Atl. Business Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995), quoting Doe *vs.* University of R.I., U.S. Dist. Ct., Civ. A. No. 93-05608 (D.R.I. Dec. 28, 1993) (applying cognate Federal rule; plaintiff alleging sexual harassment not permitted to proceed under pseudonym). The fact that, according to the petitioner, her case involves

outside the scope of those statutes, it would inexorably follow that there would be no authority to grant such a request; she points to no other statute or rule that authorizes State payment of costs in such circumstances.

[4]"An action seeking relief under G. L. c. 211, § 3, is regarded as a new and separate civil action in the county court," even if the petition challenges a ruling of the trial court. *McMenimen* v. *Passatempo*, 452 Mass. 178, 191 (2008). See Mass. R. Civ. P. 1, as appearing in 423 Mass. 1404 (1996).

confidential financial and medical information does not suffice to overcome the presumption in favor of public proceedings.[5] See *Doe* v. *Bell Atl. Business Sys. Servs., Inc., supra* ("Economic harm or mere embarrassment are not sufficient to override the strong public interest in disclosure").

The petitioner asserts that because a judge in the Superior Court once permitted her to proceed under a pseudonym, she is entitled to do so in this court as well. We disagree. The fact that the petitioner was permitted to use a pseudonym in one case does not give her blanket permission to proceed pseudonymously in every case thereafter. Nor does the fact that some Superior Court judges have tacitly allowed her to use a pseudonym in this case mean that a single justice of this court was obligated to follow suit. The petitioner must request permission to use a pseudonym separately in each case in which she wishes to use one, and such permission must not be lightly granted. "In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record. . . . [I]t would be fundamentally unfair to allow plaintiff to make such serious allegations against [named defendants] without standing, as they must, in a public forum." *Id.* at 422.

*Conclusion.* The judgment of the single justice denying relief pursuant to G. L. c. 211, § 3, in SJ-2005-445 is affirmed. The order of the single justice denying leave to proceed under a pseudonym in SJ-2007-243 is affirmed.

*So ordered.*

The case was submitted on briefs.

*Sandra Singer*, pro se.

*Alan B. Rindler & Shana M. Solomon* for the defendant.

[5]In appropriate circumstances, documents containing confidential information may be impounded by the court. The petitioner remains free to request impoundment of particular documents, on a case-by-case basis, as provided in the Uniform Rules on Impoundment Procedure (2009) and S.J.C. Rule 1:15, 401 Mass. 1301 (1988). We express no view on the merits of any such request.