Presented for decision is the Defendants's Motion to Require Plaintiff to Proceed Using her True Name. By this motion, the Defendant seeks to vacate an earlier order of the Court (Green, J.), entered ex parte at the time the action was commenced, authorizing Plaintiff to . proceed anonymously through use of a Jane Doe pseudonym[1]. For the reasons which follow, the Defendant's motion shall be ALLOWED.
BACKGROUND
            Plaintiff has brought suit against Defendants DLA Piper LLP ("DLA Piper") and Brian Biggs ("Biggs"), her former law firm employer and one of its erstwhile partners. In this action, Plaintiff charges the Defendants with violations of G.L. c. 151B that include allegations of sexual harassment, coercion and sexual assault and battery. At the time she filed h r Complaint,
 
--------------------------------------------
 
[1] This motion has been brought by Defendant Brain Biggs. Co-Defendant DLA Piper LLP has not joined the motion, but its counsel represented to the Court at argument that the firm supports its objective.
 
                                                            -1-
 
Plaintiff sought and obtained from the Court an ex parte order granting her leave _to proceed anonymously under the pseudonym "Jane Doe."
            In support of her motion to prosecute this action pseudonymously, Plaintiff cited to concerns that use of Doe•s true name in the litigation would reveal "highly setl$itive and personal matters" related to allegations of sexual harassment and assault; would compromise confidential "mental health treatment Plaintiff has received in connection with same',; and would carry reputational stigma that coulo potentially impact her "[ability] to obtain[] and maintain[] employment." Plaintiff did not disclose to the Court at the time, however, but has since acknowledged, that earlier'in the year she filed a separate civil action against Biggs, charging him with sexual violence and seeking an abuse prevention order pursuant to G.L. c. 209A. In the course of this prior action, Plaintiff testified in open com:t on two occasions, introduced
identifying emails and photographs into evidence, and - most significantly - used her real name throughout. Plaintiff at no time sought to  seal the Chapter  209A proceedings she  had initiated; nor did she move to impound any of the publicly available docket filings or hearing transcripts disclosing her identity.[2]
            Plaintiff's present suit against a prominent law firm and one of its former partners references (and·expands upon) the prior allegations of sexual abuse she asserted against Biggs in the Chapter 209A proceedings. The case has already attracted national media attention, with Bl_oomberg News, Law360, Law.com and Above the Law publishing on-line articles about the action.
 
--------------------------------------------
 
[2] Counsel for Biggs reports that he was able to obtain, without restriction, a copy of the transcript of one of Plaintiff's 209A hearings, a transcript revealing the true name of Jane Doe.
 
                                                            -2-
 
DISCUSSION
            To begin with first principles, Mass. R. Civ. P. lO(a) expressly requires that "the title of the action shall include the names of all parties . . . " Massachusetts Rule of Civil Procedure l7(a) likewise provides that " very action shall be prosecuted in the name of the real party in interest." There is no statutory or rule-based right for a party in civil litigation to proceed using a pseudonym, a fact Plaintiff concedes. (See Pl's Opp., at p. 5.) Indeed, and to the precise contrary, Massachusetts law strongly disfavors anonymous !itigation, a presumption informed by a First Amendment-grounded preference for open and unencumbered access to judicial proceedings. See Republican Co. v. Appeals Court, 442 Mass. 218,223 & n.8 (2004) (noting that "the power to deny public access to judicial records is to be strictly construed in favor of the general · principle of publicity"). Accord Doe v. Mills, 39 F.4th 20, 25 (1st Cir. 2022) (rejecting plaintiff's motion to proceed under pseudonym, and emphasizing that anonymity in legal proceedings is warranted only in "exceptional cases").[3]
            The foregoing principles are not merely academic abstractions, but in fact form an integral part of a properly functioning judiciary in a democratic society. As the First Circuit has stated:
 
--------------------------------------------
 
[3] In Mills, the First Circuit declared:
"Those circuit courts that have considered the matter have recognized a strong presumption against the use ofpseudonyms in civil litigation. See , e. g. United States v. Pilcher, 950 F.3d 39, 45 (2d Cir. 2020); Doe v. Megless. 654 F.3d 404,408 (3d Cir. 201I);  S.  Methodist Univ.  Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 712-13 (5th Cir. 1979); Doe v. Blue Cross & Blue Shield United of Wis,, 112 F.3d 869, 972 ('76Cir. 1997); Does l thru XXIII v. Advanced Textile Corp.. 214 F.3d 1058, 1067-68 (9th Cir. 2000); Femedeer v. Hmm, 227 F.3d 1244, 1246 (10m Cir. 2000); UnitedStates v. Microsoft Corp. 56 F.3d 1448, 1463-64 (DC Cir. 1995) (per curiam). We join these courts in recognizing the strong presumption against the use of pseudonyms in civil litigation."
39 F.4111 at 25 .
 
                                                            -3-
 
"Permitting parties to proceed anonymously is . .. in tension with the common law presumption of public access to judicial proceedings and records. This public access is important because it allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system. And identifying the parties to a proceeding is.an important dimension ofthis publicness. In short, the people have a right to know who is using their courts."
Mills. 39 F.4th at 25 (cita tions.and quotations omitted). Accord Doe v. Rostker, 89 F.R.D. 158, 162 (N.D. Cal. 19. 81) ("[I]t is axiomatic that lawsuits are public events and that the publ c hasa legitimate interest in knowing the facts involved, including the identities of the parties . . . "}.
            At the same time, the preswnption against according anonymity to a party who brings legal claims reflects the law' s concern for even-handed justice in matters of civil litigation. As the Supreme Judicial Court (SJC) has opined:
"In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public re rd . . . [I]t would be fundamentally unfair to allow plaintiff to make such serious allegations against [named defendants] with<;:mt standing, as they must, . in a public forum.."
Singer v. Rosenkranz. 453 Mass. 1012, 1014 (2009), quoting Doe v. Bell.Atl. Bus. Sys. Servs., Inc., 162 F.R.D. 418, 422 (D. Mass. 1995). Accord Wynne & Jaffe. supra, 599 F.2d at 713
(rejecting sexual harassment claimant's request to proceed anonymously: "Defendants stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.").[4]
 
--------------------------------------------
 
[4] Th e Defendant relatedly recites a variety of practical impediments he would confront in attempting to take third- · party discovery and conduct due and thorough investigation of Plaintiff's claims were they constrained from referring to Doe by her true name. The Court notes that Plaintiff's Opposition contains no substantive rebuttal to these concerns, reinforcing the SJC's caution that protecting a plaintiff with one-sided anonymity in civil litigation· visits a basic unfairness on the defendants in such proceedings.
 
                                                            -4-
 
            The presumption contra thus acknowledged, the Court is not altogether lacking in discretion, exercised sparingly, to permit a civil litigant to proceed under a pseudonym. A party seeking to litigate in such a manner, however, must demonstrate "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness-in judicial proceedings." Singer, 453 Mass. at 1013, quoting Doe v. Bell Atl., 162 F.R.D. at 420. Upon review of the motion record in the present case, and following a hearing, the Court finds that Plaintiff has not carried the heavy burden required to overcome this presumption against anonymized litigation.
            To be sure, the Complaint alleges a severe violation of Plaintiff's privacy :rights..That itself, however, does not entitle Plaintiff to proceed anonymously. See Doe v. Delta Air Lines. Inc., No. 23 CV 931 (RPK)(LB), 2023 WL 7000939, at *3 (E.D.N.Y. Sept 7, 2023) ("[I]n cases of adult sexual assault, 'something more is required to rebut the presumption of public access ... and that something more frequently has to be evidence of real (and not conclusory) harm that is. substantial and that will flow directly from and is directly linked to disclosure of the party's name."' [alterations in original]), quoting Doe 1 v. Branca USA. Inc., No. 22-CV 3806, 2022 WL 2713543, *2 (S.D.N.Y. July 13, 2022). The question presented in this case, therefore, is whether requiring Plaintiff to proceed under her tru:e name would so intrude upon a substantial right to privacy as to override the constitutionally prioritized presumption of openness in judicial proceedings. See Roe v. General Hosp. Con,., No. Civ.A. 11-991-BLSl, 2011 WL 2342737, at *l (Mass. Super. Ct. May 19, 2011) (Lauriat, J.), citing Macinnes v. Cigna Group Ins. Co. of America, 379 F. Supp. 2d 89, 90 (D. Mass. 2005). As noted ante, such relief is granted only in exceptional circumstances, Roe, 2011 WL 2342737, at *1, citing Doe, 162 F.R.D. at 422 (D.
 
                                                            -5-
 
 
Mass. 1995);[5] and, reinforcing this presumption, the very severity of the allegations a plaintiff raises amplifies the countervailing interest that an accused defendant be pennitted to answer such accusations in an open proceeding subject to public scrutiny. See Wynne & Jaffe, supra.[6]
            Plaintiffs allegations heredo not bring her case within the narrow categories in which courts have permitted a survivor of sexual assault to proceed anonymously. Unlike the authorities upon which she relies-, Plaintiff is not a child-victim of sex abuse, compare Globe Newspaper Co. v. Clerk of Suffolk Cnty. Super. Court, 14 Mass. L. Rptr. 315, 2002 WL 202464, at*  1 (Feb. 4, 2002) (Gan.ts, J.); nor has she been involuntarily drawn into a criminal prosecution she does not control. Compare Doe v. Bell Atl., 162 F.R.D. at 422 (noting that "criminal statutes ... apply to situations where the government chooses to.prosecute a case, and offers anonymity to a victim who does not havea choice in or control over the prosecution"). Plaintiff is, rather, an adult professional who has elected to initiate civil litigation and seek money damages in a public forum of her choosing. This fact alone militates against a privacy interest sufficient to rebut the presumption against anonymity. See Singer, 453 Mass. at 1014.[7] Further diminishing a privacy- based interest in anonymity, Plaintiff previously revealed her true identity in a related suit against Biggs without taking steps to control the dissemination of same through the sealing or
 
--------------------------------------------
 
[5] See Roe v. Does 1-11. No. 20-CV-3788, 2oio WL 6152174,  4 (E.D.N.Y. Oct. 14, 2020)(noting a "general trend to disfavor anonymity in sexual assault-related civil cases"); Doe v. Skyline Automobiles Inc.. 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (denying motion to proceed anonymously even where plaintiff claimed that she was"drugged by a co-worker, sexually assaulted while unconscious, and subjectto ridicule and sexual harassment following the incident").
[6] Respectfully. the Court cannot accept Plaintiffs contention that a consideration of Biggs' interest in challenging the allegations of his accuser in a fully public forum is entitled to consideration in the interest-balancing equation. The SJC has expressly stated otherwise. See Singer. 453 Mass. at 1014.
[7] In an analogous context, Massachusetts law provides that parties whobring lawsuits in which they place their mental health in issue as an element of a claim thereby waive the right to claim a patient-psychotherapist privilege that would insulate their medical records from discovery. See G.L. c. 233, § 20B. The same principle logically applies to a party who initiates civil litigation, but at the same time claims an interest in privacy entitling them to proceed anonymously.
 
                                                            -6-
 
impoundment of case records. See Doe v. Bell Atl.. 162 F.R.D. at 422 ("(B]ecause Plaintiff's· true identity was revealed in administrative proceedings, the request for anonymity is effectively moot"); Doe v. Univ. of Rhode Island, 28 Fed. R. Serv.3d 366, 1993 WL 667341, at* 3 (D. R.I. Dec. 28, 1993) (fact that sexual assault plaintiff "was a named party in earlier related litigation" diminished her expectation of privacy).
            Courts confronting analogous cases, asked to safeguard inchoate.interests in privacy like those here invoked by P aintiff (to wit, the potential for reputational injury, the.sensitivity surrounding sexual trauma and associated mental health treatment, and concerns about future employability), have routinely rejected calls to permit civil claims to be litigated under a pseudonym. In Doe v. Bell Atl., supra, for example, a sexual assault victim asserted that she had "become desponde_nt, reclusive and at times suicidal .. . unable to work [and) a virtual prisoner in her home ... out of fear that [the alleged assailant] would try to spy on her." 162 F.R.D. at 421. The court began by noting that "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name," and that"[p]laintiffs alleging sexual harassment have generally not been allowed to proceed anonymously." Id. at 420. Then, after cataloguing the plaintiff's concerns for her privacy, medical condition, and reputation as a rape victim, the court nonetheless denied plaintiff's request to litigate under a pseudonym. The court specifically observed that plaintiffs status as a sexual assault complainant "does not fall into a traditional category of litigants allowed to proceed anonymously." Id. at 421. Noting that, as here, none of these categories (viz., persons who are either "challenging governmental activity," are "compelled to admit their intention or desire to engage in ill gal conduct," or who face "real
 
                                                            -7-
 
danger of physical harm" if their identity is disclo ed, see id. at 420) applied to the plaintiff[8], the court concluded that "[e]conomic harm or mere embarrassment are not sufficient to override the strong public interest in disclosure," and held that plaintiff's preference for confidentiality was "not so compelling to permit her to proceed anonymously." Id. at 420,422.·
            Likewise, in Doe v. Univ. of Rhode Island, supra, the court denied the motion of a sexual assault claimant seeking to litigate her case pseudonymously. The court acknowledged that the student-plaintiff had shown ''that if her true identity is disclosed, she will suffer personal embarrassment and perhaps ridicule," and took note of plaintiffs speculation that "if her true identity is generally known she will suffer harassment and will be ostracized by students at her new university." 1993 WL 667431, at* 3. Nonetheless, the court concluded that such interests were "insufficient to warrant anonymity,'' pointing out that, particularly where the plaintiff had been named in an earlier case, "research [had not] disclosed any decision granting to a victim of sexual assault permission to proceed in a related litigation pseudonymously." Id. More specifically, the court found that, notwithstanding the sensitivity of the matters raised, the case did not implicate the kind of exceptional circumstances warranting such relief·:
"While I am sympathetic to plaintiff's quest for privacy, I do not find her situation is so compelling that nondisclosure is appropriate. It must be remembered that plaintiff is the victim and not the perpetrator of a violent, abusive and criminal act. The nature of plaintiffs claim does not involve any admission on her part that she has or will be engaged in any illegal activity, [or] that she has violated the law . . . " ·
Id. Accord Doe v. Hallock, 119 F.R.D. 640 (S.D. Miss. 1987) (denying Title VII plaintiff suing former employers for sexual harassment the requested right to proceed using fictitious name, notwithstanding claimant's contention that anonymity was needed to protect her against
 
--------------------------------------------
 
[8] The court also distinguished the plaintiff's suit from the reported.cases where partieshavebeen allowed to proceed anonymously based ori privacy interests. Those cases involved "abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children." Doe v. Bell Atl., 162 F.RD. at 420.
 
                                                            -8-
 
"unwanted invasion of her personal privacy" relat d to "private matters of an intimate personal nature").
            Finally, in Doe v. Mills, supra, the First Circuit affirmed an order of.the district court directing John Doe plaintiffs to reveal their identities. 39 F.4th at 26-.27. Th.e plain tiffs, resisters to a state law vaccine mandate, had challenged the order, citing to concerns that disclosure of their private medical decision-making couldjeopardize their present employment and future job · prospects. Observing that, as in the case at bar, plaintiffs had presented the trial judge with no actual evidence to substantiate their concerns for threatened career harm, the Court of Appeals held that the district court committed no error in refusing to allow plaintiffs to litigate the case anonymously Id.
            The undersigned is not without sincere sympathy for the Plaintiffs stated concerns in this case, and intends no trivializationof them by the within ruling. The allegations of sexual assault . made in this lawsuit, and assuming without deciding their truth, are deplorable. Those who have the courage to bring such allegations forward should not be left entirely without protection for their privacy. For this reason, the Court stands prepared to fashion equally effective but less constitutionally problematic means of safeguarding the Plaintiff's interests in confidentiality. Such means might include a Rule 26(c) protective order to limit the use and disclosure of information obtained in discovery, and/or a tailored order of impoundment applied to filed case documents and court transcripts containing sensitive personal infonnation: See SJC Rule 1:15 and Trial Court Rules Art. VIII. The SJC has approved this very appro ch, in preference to more broadly anonymized litigation. See Singer, 453 Mass. at 1014 n.5 (denying requested anonymity, but noting that, "[i]n.appropriate circumstances, documents containing confidential information may be impounded by the court . . . O on a case by case basis"). Given the strong countervailing
 
                                                            -9-
 
presumption against anonymity in civil litigation. and the availability of alternate means of protecting the laintiff's privacy interests under the distinctive circumstances of the present case, the Court concludes that permitting Plaintiff to proceed pseudonymously would be unfair and improper.
CONCLUSION AND ORDER
            For all of the foregoing reasons, the Defendants' Motion to Require Plaintiff to Proceed Using her True Name shall be, an.d hereby is, ALLOWED.
SO ORDERED.[9]
/s/Robert B. Gordon
Justice of the Superior Court
Dated:
March 5, 2026
 
--------------------------------------------
 
[9] Upon request, and to be made no later than ten days from the date hereof, the Court will stay the effective date of this Order if Plaintiff intends to take an interlocutory appeal therefrom in accordance with G.L. c. 231, § 118.