**Mrs. Jane DOE et al., Plaintiffs,**

v.

**Morris HURSH, Commissioner of Public Welfare, State of Minnesota, et al., Defendants.**

**No. 3–69–Civ–270.**

United States District Court, D. Minnesota, Third Division.

July 2, 1970.

John E. Brauch, St. Paul, Minn., for plaintiffs.

Douglas M. Head, Atty. Gen., State of Minnesota and Craig R. Anderson, Asst. Atty. Gen., State of Minnesota, for defendants.

## ORDER DENYING MOTION TO CONVENE THREE-JUDGE COURT

DEVITT, Chief Judge.

On May 18, 1970 the parties argued and submitted the question as to whether a three-judge court should be convened.

I have read the files and records. In my view a three-judge court should not be convened—at least at this stage of the proceedings.

The defendant Hursh denies that he has adopted a "regulation" pertaining to eligibility for AFDC aid. Some of the 87 counties in the state, probably including Ramsey County, may pursue such a policy, but it does not appear to be required by defendants or be of state-wide application. Counsel for the defendants, in a letter dated June 2, 1970, says that:

"* * * in a majority of instances when AFDC is sought with respect to an illegitimate child, paternity proceedings are not in fact instituted."

It is well established that a three-judge court is not required where the challenge is to a law or regulation not of state-wide applicability. It appears from the files and records that the challenged paternity regulation employed in Ramsey County is not of state-wide applicability.

The motion for the convention of a three-judge court is denied.