**Jane DOE and John Moe, M.D.,**
**Plaintiffs,**

v.

**Robert L. DESCHAMPS, III, Missoula**
**County Attorney, et al., Defendants.**

**No. CV 74–120–M.**

United States District Court,
D. Montana,
Missoula Division.

Nov. 3, 1974.

James B. Wheelis, Datsopoulos & MacDonald, Missoula, Mont., for plaintiffs.

Dennis E. Lind, Asst. County Atty., Missoula, Mont., Thomas Beers, Atty. Gen., Helena, Mont., for defendants.

## ORDER

Before BROWNING, Circuit Judge, and JAMESON and SMITH, District Judges.

PER CURIAM.

In this action, brought to test the constitutionality of Montana laws regulating abortions, plaintiffs, a woman, pregnant at the time of the institution of the action, and her doctor, styled themselves under the fictitious names of Jane Doe and John Moe respectively. The State of Montana by motion raised the issue of their right to appear anonymously. In one of the few cases (Roe v. New York, 49 F.R.D. 279 (S.D.N.Y.1970)) discussing the problem of fictitiously-

named plaintiffs,[1] the court held that a civil action was not commenced by filing a complaint which did not truly name at least one plaintiff. The court reasoned that an action is commenced by filing a complaint (Fed.R.Civ.P. 3) and that the rules (Fed.R.Civ.P. 10(a)) require that "the title of the action shall include the names of all the parties." Since that time, however, a host of cases have been prosecuted under fictitious names. Sometimes the fact of the fictitious name is noted and other times it is not, but it is clear that a practice has developed permitting individuals to sue under fictitious names where the issues involved are matters of a sensitive and highly personal nature. Characteristic of these are the birth control cases,[2] the abortion cases,[3] the welfare cases involving illegitimate children or children whose fathers have abandoned them,[4] and at least one case involving homosexuality.[5] In a case where economic interests were involved a court indicated some doubt about the right to proceed anonymously.[6]

■■ As we view the matter, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties. We think that as a matter of policy the identity of the parties to a lawsuit should not be concealed except in the unusual case. The intensely personal nature of pregnancy does, we believe, create an unusual case, and in such a case the general policy of full disclosure may well give way to a policy of protecting privacy in a very private matter. The doctor-plaintiff, however, does not bring his personal life into the lawsuit. If a person, free to choose, intends to do a future act which relates to his professional or economic life, we see no reason to grant to him the privilege of anonymity in an action brought to determine the legality of that future act.

In the amended complaints to be filed the plaintiff presently designated as Jane Doe may continue to so designate herself but the doctor-plaintiff shall be designated in the caption of the case in his own name if he desires to proceed further.

1. The problem of anonymous plaintiffs involves considerations entirely different from those involving "John Doe" defendants.

2. Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961), where the Supreme Court simply noted that the Supreme Court of Errors of Connecticut had approved the use of fictitious names.

3. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); Doe v. General Hospital, 140 U.S. App.D.C. 153, 434 F.2d 427 (1970); Doe v. Dunbar, 320 F.Supp. 1297 (D.Colo.1970).

4. Doe v. Carleson, 356 F.Supp. 753 (N.D. Cal.1973); Doe v. Gillman, 347 F.Supp. 483 (N.D.Iowa 1972); Doe v. Lavine, 347 F.

Supp. 357 (S.D.N.Y.1972); Doe v. Swank, 332 F.Supp. 61 (N.D.Ill.), aff'd sub. nom. Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971); Doe v. Hursh, 337 F.Supp. 614 (D.Minn.1970); Doe v. Hursh, 328 F.Supp. 1360 (D.Minn.1970); Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969). In Doe v. Swank, *supra*, the Supreme Court granted Jane Doe's petition to appear in forma pauperis.

5. Doe v. Chafee, 355 F.Supp. 112 (N.D.Cal. 1973).

6. *See* Doe v. Hodgson, 344 F.Supp. 964 (S. D.N.Y.1972) where the court dismissed an action on other grounds but indicated some doubt about the right of the plaintiffs to appear fictitiously.