This case is before the court on defendant’s motion to dismiss plaintiffs’ petition for failure to state a claim upon which relief can be granted. Defendant asserts that the petition is ineffective to commence suit because it was brought in the names of John and Jane Doe rather than in the true names of plaintiffs.
Plaintiffs are members of the United States Witness Protection Program, a plan to encourage and protect individuals who agree to testify for the government but who may be in physical danger because they do so. They allege that although they fulfilled their commitments to the government, it has failed to carry out its responsibility to compensate plaintiffs and help them establish new identities. Plaintiffs state that they cannot publicly reveal their true names because they would be in danger. Plaintiff John Doe, however, gives the Witness Protection Program identification number assigned him by the Department of Justice.
The rules of this court do not specifically authorize the use of fictitious names in pleading. Rule 34(a) states only that a petition shall include the names of parties. Nor has this court previously considered the issue. The Federal Rules of Civil Procedure are similarly silent on the question. Federal courts, however, have permitted individuals to use fictitious names if the issues involved are highly personal. Doe v. Deschamps, 64 F.R.D. 652 (D. Mont. 1974); Roe v. Ingraham, 364 F. Supp. 536 (S.D.N.Y. 1973). The Supreme Court similarly has entertained cases brought in that manner. See Roe v. Wade, 410 U.S. 113 (1973); Doe v. Bolton, 410 U.S. 179 (1973).
This case is a proper one in which to allow the use of fictitious names. The Witness Protection Program is designed to maintain and protect the anonymity of confidential informants. Requiring the plaintiffs publicly to *942 disclose their identity would defeat that objective. Public identification would create a risk of serious harm to the plaintiffs.
The defendant is aware of the plaintiff John Doe’s identity, since he has given his witness identification number. The government’s answer, filed 3 months before this motion to dismiss, shows that the defendant knows who the plaintiff is. The answer admits a number of the allegations in the petition that relate to the particular plaintiffs, including the allegations that in the summer of 1972 the plaintiff John Doe agreed with agents of the Internal Revenue Service to act as a confidential informant, that he did so, and that he testified before a Federal grand jury (paragraphs 10, 11 and 13 of the petition and answer). If at some point in the proceedings it becomes necessary for the court to know,the plaintiffs’ identities, that can be done without public disclosure, as the plaintiff John Doe suggests.
it is therefore ordered that defendant’s motion to dismiss is denied.