**FREE MARKET COMPENSATION, et al., Plaintiffs,**

v.

**COMMODITY EXCHANGE, INC., et al., Defendants.**

**FREE MARKET COMPENSATION, et al., Plaintiffs,**

v.

**COMMODITY EXCHANGE, INC., et al., Defendants.**

**Nos. 82 Civ. 366(MEL), 82 Civ. 367(MEL)**

United States District Court,
S.D. New York.

June 13, 1983.

**312**

Barrett, Kliegerman & Friess, New York City, for plaintiffs; Brian Barrett, New York City, of counsel.

Baer, Marks & Upham, New York City, for defendants Commodity Exchange, Inc. and Comex Clearing Ass'n, Inc.

Wachtell, Lipton, Rosen & Katz, New York City, for defendant Phibro-Salomon Inc.

Cadwalader, Wickersham & Taft, New York City, for defendant Mocatta Metals Corp.

Stroock & Stroock & Lavan, New York City, for defendants J. Aron & Co. and J. Aron Commodities Corp.

Fried, Frank, Harris, Shrikver & Jacobson, New York City, for defendant Sharps Pixley, Inc.

Sullivan & Cromwell, New York City, for defendant Ametalco, Inc.

Townley & Updike, New York City, Kirkland & Ellis, Chicago, Ill., Murphy & Boyle Chartered, Chicago, Ill., for defendants Bd. of Trade of the City of Chicago and Bd. of Trade Clearing Corp.

LASKER, District Judge.

This case involves allegations of securities fraud and manipulation. Free Market Compensation, An Unincorporated Association ("Free Market"), moves pursuant to Fed.R.Civ.Pro. 15(a) to amend the complaint to add two plaintiffs: Munirr Haddad and "John Doe." Commodity Exchange, Inc. ("Commodity Exchange") opposes this motion with respect to "John Doe," but consents with respect to Munirr Haddad.

Free Market claims that "John Doe" is an individual presently supplying confidential information. Free Market argues that disclosing "John Doe's" identity at this juncture would compromise his ability to continue supplying confidential information, and cause him to "lose his job and suffer extreme economic and social harm as well as embarrassment and humiliation in his professional and social community." In addition, Free Market argues that setting forth the specific facts demonstrating potential harm to "John Doe", if he were identified, would subject him to the very injury that using the pseudonym seeks to avoid. However, Free Market offers to demonstrate these facts to the court, *ex parte* and *in camera* or in the presence of counsel for the defendants under a protective order pursuant to Rule 26.

Commodity Exchange answers that Free Market has failed to demonstrate that a compelling need exists to protect an important privacy or safety interest. Commodity Exchange also asserts that a grant of anonymity to "John Doe" would impair its discovery efforts and deprive it of the opportunity to learn about possible defenses against "John Doe" and other plaintiffs.

Rule 10(a) of the Federal Rules of Civil Procedure requires "the complaint [to] include the names of the parties ..." The obvious intention of the rule is to apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.

■ Generally, lawsuits are public events and the public has a legitimate interest in knowing the pertinent facts. Among the pertinent facts is the identity of the parties. *Doe v. Deschamps,* 64 F.R.D. 652 (D.Mont. 1974). However,

"Under certain special circumstances ... courts have allowed plaintiffs to use fictitious names. '[W]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned

families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.' "

*Southern Methodist University Ass'n v. Wynne & Jaffe,* 599 F.2d 707–712–713 (5th Cir.1979) *citing Deschamps, supra,* at 653.[1]

 Free Market does not allege that revealing "John Doe's" identity would implicate a recognized privacy interest involving "matters of a sensitive and highly personal nature." Free Market contends that "John Doe's" ability to supply confidential information would be compromised by his appearance in his true name. Such a claim does not outweigh the policy of disclosure of plaintiffs' identities embodied in Rule 10(a).

"John Doe's" desire to avoid professional embarrassment and economic loss is insufficient to permit him to appear without disclosing his identity. *See Southern Methodist, supra,* at 713. In *Southern Methodist,* the Fifth Circuit affirmed a district court's order requiring disclosure of the identities of female lawyers who publicly accused defendant law firms of violating Title VII by discriminating against women in the hiring of summer clerks and associates. We find persuasive the reasoning of the Fifth Circuit that when a plaintiff publicly accuses a defendant of serious violations of federal law, "[b]asic fairness dictates that those among the defendants' accusers who wish to participate in the suit as individual party plaintiffs must do so under their real names." *Id.*

Moreover, as the Tenth Circuit noted in *Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir.1979), the use of pseudonyms concealing plaintiffs' real names "may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments." Permitting Free Market to add an anonymous plaintiff who is supplying confidential information may frustrate Commodity Exchange's ability to establish defenses, privileges or counterclaims against "John Doe."

We decline Free Market's offer to disclose "John Doe's" identity *in camera.* It is the public, not the court, which has an interest in the disclosure of the parties' identities. The public's interest in an open judicial process is no more served by an *in camera* disclosure than by the use of the pseudonym itself. *See Doe v. United States Dept. of Justice,* 93 F.R.D. 483 (D.Colo. 1982).

Free Market's motion to add "John Doe" to this action is denied. The motion to add Munirr Haddad as a plaintiff is granted.

It is so ordered.

---

**1.** To date the Second Circuit has not decided any cases on this issue.