Stephanie LUCKETT

v.

David R. BEAUDET, et al.

No. 98–CR–1899 JMR/FLN.

United States District Court,
D. Minnesota.

Sept. 25, 1998.

Maury Stanley Landsman, Beverly Balos, University of MN Law Center, Minneapolis, MN, for S L, plaintiff.

## ORDER

ROSENBAUM, District Judge.

Plaintiff, Stephanie Luckett, asks this Court to allow her to proceed under a pseudonym. Plaintiff claims sexual discrimination and coercion in a lawsuit against her former landlord. Because her proffered reasons are purely conjectural, hypothetical, and abstract, the Court finds them insufficient to outweigh the public's interest in open trials. The motion is denied.

"A trial is a public event. What transpires in the court room is public property." *Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947). Rule 10(a) of the Federal Rules of Civil Procedure is explicit: a complaint "shall include the names of all the parties." Rule 10(a) notwithstanding, plaintiff claims her case fits within a limited realm of cases in which other interests—i.e., privacy and concern about embarrassment—outweigh the public's interest in open trials.

█ There is a strong presumption against allowing parties to use a pseudonym. *See, e.g., Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir.1997) ("Blue Cross"); *Doe v. Frank,* 951 F.2d 320, 323–24 (11th Cir.1992); *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712–13 (5th Cir.1979). The reasons are obvious and compelling. There is a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public. *See Blue Cross,* 112 F.3d at 872. When a party invokes the judicial powers of the United States, she invites public scrutiny of the dispute and the proceeding. "The people have a right to know who is using their courts." *Id.*

There are a small number of court-created exceptions in which parties are allowed anonymity. Case law identifies three factors which, if present, might support anonymity: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy'; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir.1981) (quoting *Wynne & Jaffe,* 599 F.2d at 712–13.) Although the listed factors are not exhaustive, they provide valuable guidance.

■ Only the second listed factor, of course, is even arguably present here, but the Court finds that the issues likely to arise here are not "of the utmost intimacy." Plaintiff seeks a dollar recovery for a statutory tort. Though discussing alleged sexual coercion and discrimination is undoubtedly uncomfortable, it is not such an invasion of privacy as to justify reducing the normal publicity of judicial proceedings. Such cases are relatively frequent in this Court. They are simply not comparable to litigating highly-charged subjects such as abortion or artificial insemination—cases in which anonymity has sometimes been allowed. *See Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *James v. Jacobson,* 6 F.3d 233 (4th Cir.1993).[1]

Plaintiff expresses concern for her children. The Court recognizes that such a concern was found relevant in *Stegall.* But the cases are not analogous. In *Stegall,* plaintiffs had specific, concrete concerns about their children's physical safety in a high-profile challenge to a Mississippi school district's prayer and Bible reading exercises in schools. In the present case, plaintiff's concerns are no different from those which could be asserted in virtually any lawsuit.

The cases cited by plaintiff are not to the contrary. The housing discrimination cases she cites as "quite analogous" simply do not discuss the propriety of pseudonyms. The only support provided by the cases is the fact that pseudonyms happened to be used. No indication is given that the use of a pseudonym was challenged or even seriously considered by the courts. *See Doe v. Township of Hampton,* No. 94–CV–811, 1996 WL 805073 (W.D.Pa.1996); *Doe v. Maywood Housing Authority,* No. 93–C–2865, 1994 WL 521050 (N.D.Ill.1994).

The fact that this lawsuit alleges sexual discrimination, which arguably implicates more private concerns than some lawsuits, cannot itself justify anonymity. "[T]he language of Title VII establishes no exception to the general principle that 'the identity of the parties to a lawsuit should not be concealed.'" *Wynne & Jaffe,* 599 F.2d at 712

(quoting *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974)).

Plaintiff's interest in her privacy is outweighed by the public's stronger interest in maintaining open trials. A certain loss of privacy inheres in the process of a public lawsuit in federal court.

Accordingly, IT IS ORDERED THAT:

Plaintiff's motion to proceed pseudonymously is denied.

---

**1.** Even in the abortion context, anonymity is not automatic. *See Akron Center for Reproductive Health, Inc. v. City of Akron,* 651 F.2d 1198, 1210 (6th Cir.1981) (finding no abuse of discretion in district court's refusal to allow pregnant woman or abortion provider anonymity), *rev'd in part on other grounds,* 462 U.S. 416, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983).