v.

**PRIORITY PHARMACY, INC., Defendant.**

**No. 4:99–CV–0289 CAS.**

United States District Court, E.D. Missouri, Eastern Division.

March 15, 1999.

Toni Griesbach, Managing Partner, Coffey and Griesbach, St. Louis, MO, for W.G.A.

## MEMORANDUM AND ORDER

SHAW, District Judge.

This matter is before the Court on plaintiff's "Motion to File Petition [sic] with Party's Initials" and "Motion to Amend Petition [sic] by Interlineation."[1]

The Court will first address plaintiff's motion to file his complaint using a fictitious name, specifically his initials. In support of the motion, plaintiff asserts that he is an AIDS patient and would like to maintain his

---

1. As a procedural matter, plaintiff's attention is directed to Federal Rule of Civil Procedure 3, which states, "A civil action is commenced by filing a *complaint* with the court." (Emphasis added.)

privacy. Plaintiff's Petition asserts a negligence claim arising from defendant's alleged negligence in recording, filling and mailing the wrong prescription drug to plaintiff, thus causing "a significant decrease in plaintiff's already-shortened life expectancy because plaintiff's HIV infection was allowed to progress unchecked for nearly six months during a critical stage of his treatment." Petition, ¶ 6.

Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint shall state the names of all the parties. Although the Eighth Circuit does not appear to have addressed the issue, other circuits have held that there is a strong presumption against allowing parties to use a pseudonym. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir.1997); *Doe v. Frank,* 951 F.2d 320, 323–24 (11th Cir. 1992); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712–13 (5th Cir.1979). The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action. *Luckett v. Beaudet,* 21 F.Supp.2d 1029 (D.Minn.1998).

Courts have occasionally recognized an exception to the requirement that parties' names be stated in the case caption for various reasons, including limited "matters of a sensitive and highly personal nature." *Heather K. v. City of Mallard, Iowa,* 887 F.Supp. 1249, 1255 (N.D.Iowa 1995). As discussed in the *Heather K.* case, plaintiffs have been allowed to proceed anonymously in matters involving abortion, reproduction and birth control, welfare cases involving illegitimate children, and homosexuality. *Id.* (citations omitted).

The decision whether to permit a plaintiff to proceed anonymously is within a court's discretion. *James v. Jacobson,* 6 F.3d 233, 239 (4th Cir.1993); *Doe v. Shakur,* 164 F.R.D. 359, 360 (S.D.N.Y.1996); *Heather K.,* 887 F.Supp. at 1255. There has been no standard articulated by either the Supreme Court or the Eighth Circuit to provide instruction on this issue, although both courts have allowed prosecution of suits under pseudonyms. *Heather K.* at 1255 (citations omitted). Other courts have articulated several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, the applicable factor here being "whether the plaintiff would be required to disclose information of the utmost intimacy." *Jacobson,* 6 F.3d at 238; *see Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992) (citation omitted). In making its determination, the Court must determine whether the plaintiff "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank,* 951 F.2d at 323 (citation and internal punctuation omitted).

The allegations of the complaint are that defendant negligently provided plaintiff with the wrong prescription medication for a six-month period, and as a result caused a significant decrease in plaintiff's shortened life expectancy because his HIV infection was allowed to progress unchecked during that time. It is understandable that plaintiff does not wish to be publicly identified as a individual with AIDS, which is a personal matter of the utmost intimacy. Persons with AIDS may be subjected to discrimination in the workplace, schools, social settings and public accommodations. Indeed, a Missouri statute requires that any information concerning a person's HIV status be held "strictly confidential" and not disclosed except in certain limited circumstances. *See* R.S.Mo. § 101.656 (1998 Supp.) In a recent decision, a federal district judge in Wisconsin decided that the plaintiff's HIV-positive status was a "compelling reason" to allow him to proceed under a pseudonym because of the potential personal embarrassment, ostracism, harassment and discrimination which might result from disclosure of that status. *See Roe v. City of Milwaukee,* 37 F.Supp.2d 1127 (E.D.Wis.1999). The Court concludes that in this case, the normal practice of disclosing the plaintiff's identity should yield to plaintiff's privacy concerns. Plaintiff's motion to file complaint with his initials should therefore be granted.[2]

2. The Court's determination would have been aided by an affidavit from plaintiff in support of

The Court now turns to plaintiff's motion to amend complaint by interlineation in order to plead for a sum in excess of the jurisdictional minimum of $75,000.00. *See* 28 U.S.C. § 1332. The Court does not permit amendment by interlineation. Plaintiff's motion to amend will therefore be denied, but plaintiff will be granted ten (10) days from the date of this order in which to file an amended complaint adequately setting forth the requisite amount in controversy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to file complaint with party's initials is **GRANTED.** [Doc. 5]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend complaint by interlineation is **DENIED.** [Doc. 6]

**IT IS FURTHER ORDERED** that plaintiff shall file his amended complaint within ten (10) days of the date of this order.

the motion to file complaint with party's initials, detailing his reasons for wishing to proceed under a pseudonym. Such an affidavit might have informed the Court, for example, that plaintiff actively conceals his HIV-positive status, or has suffered discrimination.