HILL, Circuit Judge, concurring in part, dissenting in part:
I concur in the judgment of our court remanding this case for dismissal with leave to amend. I respectfully dissent, however, from the majority’s decision that Roe must be allowed to proceed anonymously.
Plaintiffs must disclose their names when they file a lawsuit. Fed.R.Civ.P. 10(a). We have made clear that “[pjublic access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings.” Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. Unit A 1981) (emphasis added). The decision to depart from these First Amendment guarantees must not be made lightly or without careful consideration of the reasons urged to justify that departure. Id. Only rarely will these reasons be adequate to elevate the plaintiffs privacy interest over the “almost universal practice of disclosure.” Id. at 186. A plaintiff may be allowed to proceed anonymously only if she can show a substantial privacy right which outweighs the “customary and constitutionally-embedded presumption of openness in judicial proceedings.” Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992) (quoting Stegall, 653 F.2d at 186). “It is the exceptional case in which a plaintiff may proceed under a fictitious name.” Id. (emphasis added).
Roe claims that this lawsuit constitutes one of these “exceptional” cases. She argues that, because the allegations of her lawsuit arise from her abortion, she is entitled to proceed anonymously. I disagree.
I.
We have previously catalogued the circumstances common to the “Doe” cases: (1) plaintiffs challenging a governmental activity; (2) plaintiffs required to disclose information of the utmost intimacy; and (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. Stegall, 653 F.2d at 185. Under these exceptional circumstances, we have held that a plaintiffs privacy interest might outweigh the presumption of disclosure.
Roe argues that she should be allowed to proceed anonymously because the “decision to have an abortion is of such intimacy that it should not be revealed to the public.” The majority agrees, citing a number of cases in support of its conclusion that “abortion [is] the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity.”
None of these cases, however, involved abortion.[1] Although abortion is mentioned in each as the kind of case in which anonymity has been permitted, in the only case cited from this circuit, Southern *689 Methodist University Ass’n v. Wynne & Jaffe, 599 F.2d 707 (5th Cir.1979), we observed that “all of the plaintiffs previously allowed to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity.” Id. at 713.[2] In the abortion cases, for example, pregnant plaintiffs sought to determine the constitutionality of laws or government policies outlawing or limiting the availability of abortions. Id.[3] “Many also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct.” Id. Under these exceptional circumstances, anonymity was permitted.
There are no such exceptional circumstances present in this cáse. Roe challenges no governmental activity. Nor does she admit illegal conduct. She is not liable to be arrested if her identity is revealed. Roe risks nothing by bringing this lawsuit. On the contrary, she seeks money damages, not vindication of some withheld constitutional right. She is not the sort of plaintiff who has historically been accorded the privilege of anonymity.[4]
Nor is there any authority for granting such a plaintiff anonymity. The majority does not cite even one case involving abortion in which anonymity was granted to a plaintiff who, like Roe, was not challenging the constitutional, statutory, or regulatory validity of government activity. On the contrary, the majority concedes that the two circuits which have most recently considered this issue both affirmed the denial of permission to proceed anonymously even to plaintiffs who were challenging government policies. See M.M. v. Zavaras, 139 F.3d 798, 802-02 (10th Cir.1998) (public interest outweighed any privacy interest where plaintiff sought abortion with public funds); Akron Center for Reproductive Health, Inc. v. City of Akron, 651 F.2d 1198, 1210 (6th Cir.1981), rev’d in part on other grounds, 462 U.S. 416, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983) (finding, with no discussion, that the district court did not abuse its discretion in denying pregnant woman’s request to proceed anonymously in suit challenging limitations on abortion in city ordinance). “Even in the abortion context, anonymity is not automatic.” Luckett v. Beaudet, 21 F.Supp.2d 1029, 1030 n. 1 (D.Minn.1998) (citing Akron Center for Reproductive Health, 651 F.2d at 1210). The law, it seems to me, does not support Roe’s request.
II.
Even though Roe’s privacy interest is not the sort historically protected in abortion cases, I recognize that the decision to have an abortion is still a private one. I doubt, however, that there is any longer a real threat of “social stigma” associated with that decision. Rostker, 89 F.R.D. 158 (“The common thread running through these cases is the presence of some social *690 stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record”). The allegations of Roe’s complaint, I believe, implicate abortion as a medical issue which, although sensitive and private, “is not such a badge of infamy or humiliation in the modern world that its presence should be an automatic ground for concealing the identity of a party to a federal suit.” Blue Cross & Blue Shield, 112 F.3d at 872. Absent such stigma, the claim for privacy based upon a medical issue must be waived when one chooses a public forum to settle a private dispute.[5] “The fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.” Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir.1999)(psychiatric disorder); Rankin v. New York Pub. Library, 1999 WL 1084224, at *1 (S.D.N.Y.1999) (plaintiff denied anonymity even though required to reveal private medical information which was “highly sensitive and highly personal”).[6]
Not only is there is no compelling reason for anonymity in this case, there is a very good reason for not allowing Roe to proceed anonymously. Roe has sued private parties who were engaged in lawful activity, accusing them of serious violations of federal law. These individuals, whose identities are fully exposed in her lawsuit, have had their professional reputations impugned by the mere filing of her lawsuit. Under these circumstances, it is difficult to understand why they will be any less embarrassed by these proceedings than she. We have said before that such circumstances do not favor anonymity:
While [suits challenging governmental activity] involve no injury to the Government’s “reputation,” the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant law firms stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants’ accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.
Wynne & Jaffe, 599 F.2d at 713. See also Free Market Compensation v. Commodity Exchange, Inc., 98 F.R.D. 311, 313 (S.D.N.Y.1983) (“We find persuasive the reasoning of the Fifth Circuit that when a plaintiff publicly accuses a defendant of serious violations of federal law, ‘[b]asic fairness dictates that those among the defendants’ accusers who wish to participate in the suit as individual party plaintiffs must do so under their real names’ ”).
Furthermore, several courts have questioned whether plaintiffs whose interest in their lawsuit is primarily economic should be allowed to proceed anonymously. In Luckett, 21 F.Supp.2d at 1030, the court denied anonymity to a plaintiff alleging sexual coercion and discrimination, even though discussing such allegations would “undoubtedly [be] uncomfortable” noting that “[p]laintiff seeks a dollar recovery for a statutory tort.” In Free Market Compensation, the district court denied anonymity to a plaintiff alleging securities fraud who feared retaliation, holding that *691 “John Doe’s desire to avoid professional embarrassment and economic loss” is not a “recognized” privacy interest. 98 F.R.D. at 313. Roe’s interest in this lawsuit is economic, and, although recovery will involve testimony regarding private medical matters, it seems to me that her case does not fall within one of the recognized exceptions to the rule requiring public proceedings.[7]
III.
The majority’s decision today establishes a per se rule entitling any plaintiff in any case involving her abortion to proceed anonymously in this circuit. Roe’s claim for anonymity rests entirely upon her argument that abortion is a matter of such “intimacy” that “it should not be revealed to the public.” She alleges nothing else which would entitle her to proceed anonymously. The majority points to no other circumstances which might support the grant of anonymity.[8] Therefore, the majority holds today that the mere fact that her lawsuit involves an abortion satisfies this circuit’s Stegall test for anonymity. This is a per se rule.
This conclusion is bolstered by the fact that we reverse the district court today because it abused its discretion in denying Roe the right to proceed anonymously. Frank, 951 F.2d at 323 (proper standard of review is for abuse of discretion). An abuse of discretion can only be found if the trial court failed to consider the relevant factors, misapprehended the facts, or misapplied the law. M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir.1998) (citing James v. Jacobson, 6 F.3d 233, 242 (4th Cir.1993)). The district court does not abuse its discretion just because we may have decided the case differently. Under this standard, we are not free to substitute our judgment for that of the district court unless it has made some error in exercising its discretion. Id.
The district court specifically considered Roe’s claim that her lawsuit will force her to reveal matters of “utmost intimacy.” The court applied the correct test for anonymity in this circuit, citing Doe v. Frank, 951 F.2d at 323 which contains the Stegall test. The court then looked for additional circumstances which might support Roe’s assertion that the right to keep her abortion a secret should prevail over the constitutional rule of *692 openness in judicial proceedings. Although asserting in her motion that she faces “additional harm” from defendants were they to discover her true identity, the district court found she offered no factual support for this assertion. The court concluded that, “absent some additional circumstances necessitating anonymity, the privacy surrounding an abortion procedure cannot be preserved in the face of the public’s interest in open judicial proceedings.... ”
I find no mistake of law or misapprehension of the facts in this conclusion. The district court correctly applied the relevant test. Unless the district court was required to find that Roe is entitled to proceed anonymously, I can find no fault with this exercise of its discretion to deny that privilege. After today, I fear, the district court will understand that it is required to extend the privilege to all future Roes.
I would affirm the district court’s denial of Roe’s motion to proceed anonymously. Otherwise, I concur.

. Southern Methodist University Ass’n v. Wynne & Jaffe, 599 F.2d 707 (5th Cir.1979)(fear of reprisal, request for anonymity denied); Rankin v. New York Pub. Library, 1999 WL 1084224, at *1 (S.D.N.Y.1999) (medical disorder, request denied); W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D.Mo.1999) (AIDS, request granted); Heather K. v. City of Mallard, 887 F.Supp. 1249, 1255 (N.D.Iowa 1995)(medical disorder, request granted); Luckett v. Beaudet, 21 F.Supp.2d 1029, 1030 (D.Minn.1998)(sexual coercion, request denied); Doe v. Rostker, 89 F.R.D. 158, 161 (N.D.Ca.1981)(draft status, request denied). The only case which actually involved an abortion appeared in this list as a case cited by one of the majority’s authorities. See Doe v. Deschamps, 64 F.R.D. 652 (D.Mont.1974) (testing legality of Montana's abortion laws, request granted).

. We went on to reject the four female lawyers’ request to proceed anonymously in a Title VII action against two Dallas law firms explaining that such exceptional circumstances were missing from their damage suit against private parties. Id.

. I note that this would include all the actual abortion cases cited later in the majority opinion: Roev. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); Victoria W. v. Larpenter, 2001 WL 406334 (E.D.La.2001); Doe v. Mundy, 514 F.2d 1179 (7th Cir.1975); Doe v. Deschamps, 64 F.R.D. 652 (D.Mont.1974); Doe v. General Hosp. of the Dist. of Columbia, 434 F.2d 427 (D.C.Cir.1970); Doe v. Dunbar, 320 F.Supp. 1297 (D.Colo.1970).

.For this reason, I believe the majority is incorrect that "there is nothing about this case that makes Roe’s privacy interests any less worthy of protection than those of the plaintiffs in the other abortion cases we have cited.”

. As, for example, in a divorce where the parties must discuss the most private issues in public proceedings.

. Although the plaintiff in Heather K received permission to proceed anonymously, the district court appears to have granted the permission based upon her fears of retaliatory harassment rather than her medical problems. 887 F.Supp. at 1255.

. I am unpersuaded by the majority’s argument that Roe's offer to disclose her identity to the defendants for discovery purposes on condition that they do not disclose it to the general public "eviscerates” the "only reason” — discovery problems — given by defendants for "stripping Roe of her privacy.” First, "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts.” Blue Cross & Blue Shield, 112 F.3d at 872. A motion to proceed under a fictitious name should not be granted automatically even if the opposing party does not object. Id. Second, plaintiff's offer to reveal her name to the defendants but proceed unnamed does not address the issue of whether she has a right to do so under the circumstances of this case. Rostker, 89 F.R.D. at 162. "It is the public, not the court [or the defendant] which has an interest in the disclosure of the parties' identities." Free Market Compensation, 98 F.R.D. at 313 (emphasis added). "The people have a right to know who is using their courts.” Blue Cross & Blue Shield, 112 F.3d at 872.

. Often courts discuss other circumstances in a case which combined with the privacy interest outweigh the presumption of openness. For example, fear of retaliation, Heather K., 887 F.Supp. at 1255, fear of discrimination, Priority Pharmacy, Inc., 184 F.R.D. at 617, or where the plaintiffs are children, Stegall, 653 F.2d at 186. Roe alleges in her motion that there is a "danger of harm to the Plaintiff” but does not argue this in her brief, nor does the majority discuss this allegation.