MOODY, District Judge,
concurring in part and dissenting in part:
I agree with the majority that Plaintiffs B and V should have been allowed to proceed anonymously. I dissent as to Plaintiffs J and S because I conclude the trial judge did not abuse his discretion in regard to them.
Initially, the trial court allowed Plaintiffs to proceed anonymously to protect their identities from the public. Their names were provided to Defendants and full discovery was allowed. The trial court stated the issue would be revisited prior to trial. Shortly before trial, Plaintiffs sought to extend their anonymity through trial, and limit the courtroom to essential parties and press during their testimony, the testimony of witnesses revealing identifying information, and the viewing of the films at issue. It is apparent from the trial court’s order denying this request that it had grave concern about closing the courtroom to the public during any portion of the trial proceedings.[1] The trial judge discussed at length the reluctance of courts to close trials from public scrutiny. But closing the courtroom is only one way to protect a party’s identity. Another way is to use fictitious names and limit the use of identifying information. This approach does not unduly influence the fairness of a proceeding.
The law of the Eleventh Circuit is that, as a general rule, parties are required to use their real names in lawsuits. But un *1320 der certain special circumstances parties are allowed to use fictitious names:
“(W)here the issues involved are matters of a sensitive and highly personal nature” such as birth control, abortion, homosexuality, or other welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties’ identities yields “to a policy of protecting privacy in a very private matter.” However, the cases affording plaintiffs anonymity all share several characteristics missing here. The plaintiffs in those actions, at the least, divulge personal information of the utmost intimacy; many also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct.
S. Methodist Univ. Ass’n of Women Law Students v. Wynne and Jaffe, 599 F.2d 707, 712-13 (5th Cir.1979) (citing Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974)).[2]
The trial court determined that Plaintiffs did not meet the exceptions because their acts were not of “utmost intimacy.” But the acts of the individual Plaintiffs vary greatly in that regard. Plaintiffs J and S flashed their breasts for less than a minute while sitting in their vehicle on a public street. While many may differ whether such activity constitutes an act of utmost intimacy, the acts of Plaintiffs B and V are much more serious. Plaintiff B and a female friend, while completely naked, were filmed engaging in explicit sexual acts, including manual and oral sex. According to Plaintiff V’s allegations, she and a female friend were forced or enticed to massage the genitals of Defendant Francis. Francis gave them $100.00 as payment.
Plaintiff B alleges a homosexual act and Plaintiff V one of masturbation for money, both acts of utmost intimacy. And Plaintiff V alleges an act that might require her to admit to criminal activity. In fact, Defendant Francis was convicted of prostitution for the same act.
The use of Plaintiffs’ real names potentially forever link their names to the videos. In contrast, Defendants have not claimed any prejudice from Plaintiffs’ use of fictitious names. It is the news media that, after intervening, demanded Plaintiffs’ real names be used during trial. The media gives no specific reason why the use of real names is essential to a fair and open trial in this cause.
Under the circumstances of this case, a balancing of the privacy interests of the Plaintiffs against the presumption of openness dictates that Plaintiffs B and V should be allowed to use fictitious names at trial. This does not require the closing of the courtroom. The privacy interests of Plaintiffs J and S, while not nearly as strong as those of Plaintiffs B and V, deserve some consideration because of their ages and the notion of being treated differently if Plaintiffs B and V are allowed to use fictitious names. But I conclude the trial judge acted within his broad discretion in deciding that Plaintiffs J and S, who flashed their breasts for less than a minute while sitting in their car, could not proceed anonymously.

. The trial judge may well have ruled differently had Plaintiffs’ request not involved closure of the courtroom.

. The decisions of the Fifth Circuit prior to September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981).