CANDIDATE # 452207,
a/k/a JA, Plaintiff

v.

CFA INSTITUTE, Defendant.

No. 1:11–CV–1167 (GBL/JFA).

United States District Court,
E.D. Virginia,
Alexandria Division.

Signed Jan. 4, 2012.

"Candidate # 452207," the number he was allegedly assigned by CFA Institute, and "JA," which are his initials. The issue before the Court on Plaintiff's motion is whether the Court should allow Plaintiff to maintain his suit against CFA Institute pseudonymously so as to avoid embarrassment, exposure to negative publicity, and reputational injury to Plaintiff when the subject of the suit is CFA Institute's allegedly false and procedurally flawed determination that Plaintiff cheated on a CFA examination. The Court concludes that it will not permit Plaintiff to proceed pseudonymously and denies Plaintiff's motion because Plaintiff does not plead a substantial privacy right or a substantial risk of retaliation that outweighs the presumption of openness in judicial proceedings and the risk of unfairness to Defendant CFA Institute.

## I. BACKGROUND

The following factual summary is based on allegations contained in the complaint and Rule 5.2 motion filed by the plaintiff JA.

The Chartered Financial Analyst ("CFA") certification is a credential for finance and investment professionals awarded upon completion of a program administered by the CFA Institute, which requires successful completion of a series of three challenging examinations designated Levels I, II, and III. Plaintiff became a "CFA Level II Candidate" upon passage of the CFA Level I exam in 2008 but did not pass the Level II exam on his first try in 2009. Compl. ¶ 12. In order to sit for the Level II exam in 2010, JA paid the requisite $500 fee and entered the requisite agreement to the *CFA Institute Code of Ethics and Standards of Professional Conduct* and to be bound by the Institute's *Rules of Procedure for Professional Conduct.* Compl. ¶¶ 6–8.

Steven David Brown, Alison Drew Hurt, Charles Garrison Meyer, III, Elizabeth Ellen Clarke, LeClairRyan PC, Richmond, VA, Elizabeth Marie Ebanks, LeClairRyan PC, Alexandria, VA, for Defendant.

### MEMORANDUM ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Plaintiff Candidate # 452207's, a/k/a JA, Rule 5.2 Motion to File Complaint under a Substituted Legal Name. Dkt. No. 2. This is an action for monetary, injunctive, and declaratory relief brought by a candidate for Chartered Financial Analyst ("CFA") certification against the CFA Institute, the organization responsible for developing and administering the CFA membership examinations through which the CFA certification is conferred. Plaintiff filed his complaint under the substituted names

A few weeks after JA took the Level II exam in June 2010, CFA Institute informed JA that the Institute was accusing him of cheating by looking at the answers given by another candidate seated at the same table as JA during the exam. Compl. ¶¶ 16, 19. According to the complaint, after JA denied the cheating allegation, the Institute adopted new procedural rules to replace those by which JA had agreed to be bound and retroactively applied them to JA's case, which had last been amended and restated in 2007. Compl. ¶¶ 20–22. JA alleges that both the 2007 and new 2010 *Rules of Procedure* provide that a CFA candidate's true name is not disclosed by the CFA Institute in connection with exam-related disciplinary procedures. Pl.'s Mot. ¶¶ 5–6.

According to his complaint, JA was denied certain procedural protections in connection with CFA Institute's adjudication of the cheating charges, including a private hearing at which JA would be permitted to provide oral testimony and to question adverse witnesses. Compl. ¶¶ 23, 28, 36. In February 2011, a hearing panel selected by CFA Institute decided that JA had cheated on the June 2010 Level II exam. Compl. ¶ 40. CFA Institute adopted this decision, refused to inform JA of his score on the exam, implemented a five-year suspension of JA from the CFA program, and denied JA's attempts to appeal the decision. Compl. ¶¶ 26, 33, 40–42, 53. On October 26, 2011, JA filed a complaint with this Court for monetary, injunctive, and declaratory relief against CFA Institute for the Institute's alleged breach of contract and violation of JA's common law right to fair treatment. Dkt. No. 1.[1]

In the caption of his complaint, JA used an identification number allegedly assigned to him by the Institute, "Candidate # 452207," in the place of his actual legal name. *See* Dkt. No. 1. The same day he filed his complaint, JA filed his Rule 5.2 Motion to File Complaint under a Substituted Legal Name requesting leave to proceed with this suit pseudonymously. Dkt. No. 2. Through this motion, Plaintiff seeks, in his own words "protect[ion] from public embarrassment and exposure to negative publicity and adverse actions by other persons active in the financial world who might make false assumptions about Plaintiff's character and abilities were his true name to be publicly disclosed in connection with allegations of cheating on the CFA's national certification exam." Pl.'s Mot. at 1. Defendant CFA Institute filed an opposition to the motion, and Plaintiff replied. Dkt. Nos. 8, 9. Plaintiff's Rule 5.2 Motion to File Complaint under a Substituted Name is now before the Court.

## II. STANDARD OF REVIEW

 Federal courts recognize a strong presumption of openness in judicial proceedings that generally requires disclosure of the identities of the parties to litigation. Federal Rule of Civil Procedure 10 provides that titles of civil complaints filed in federal district courts must include the names of all parties to the action. Fed.R.Civ.P. 10(a). "This rule embodies the presumption . . . of openness in judicial proceedings[ ]" which dates back to the English common law and finds constitutional support in First Amendment protections of freedom of speech and press. *Doe v. Merten,* 219 F.R.D. 387, 390 (E.D.Va. 2004). *See also Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992) (referring to the

---

1. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). According to the complaint, JA is a citizen of New York and CFA Institute is a citizen of Virginia. Compl. ¶ 1. Additionally, JA claims $1,500,000 in compensatory damages. Compl. at 19, 21.

"presumption of openness in judicial proceedings" as "customary and constitutionally embedded") (quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir.1981)). "First Amendment guarantees of speech and press, standing alone, prohibit government from summarily closing courtroom doors which had long been open to the public at the time that Amendment was adopted." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 576, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).

> A trial is a public event. What transpires in the court room is public property.... There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.

*Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947). Identifying the parties to judicial proceedings is a vital component of the courts' facilitation of public access to and public scrutiny of judicial proceedings. *Sealed Plaintiff v. Sealed Defendant # 1,* 537 F.3d 185, 188–189 (2d Cir.2008) (citing *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir.1997)). *See also James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993) ("the general presumption of openness of judicial proceedings applies to party anonymity as a limited form of closure") (citing *Stegall,* 653 F.2d at 185). In short, "[t]he people have a right to know who is using their courts." *Blue Cross & Blue Shield United,* 112 F.3d at 872, *quoted in Sealed Plaintiff,* 537 F.3d at 189.

■ Under appropriate circumstances, however, the federal district court may, in its discretion, allow plaintiffs to use fictitious names and to proceed anonymously or pseudonymously. *Jacobson,* 6 F.3d at 238–239. *See also Southern Meth-odist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712–713 (5th Cir.1979); *Sealed Plaintiff,* 537 F.3d at 189; *Jacobson,* 6 F.3d at 242 ("there is no legal right in parties either to be allowed anonymity or to avoid it"). "Where the issues involved are matters of a sensitive and highly personal nature, ... the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Wynne & Jaffe,* 599 F.2d at 712–713 (quoting *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont. 1974)) (internal quotations and brackets omitted). Indeed, the courts' role in taking appropriate steps to protect litigants' privacy interests is reflected in Federal Rule of Civil Procedure 5.2, which permits district courts to enter protective orders requiring the omission of certain information from court Filings. Fed.R.Civ.P. 5.2(e). Still, in the court's discretion, a litigant may be afforded the "rare dispensation" of permission to proceed anonymously only in cases where "privacy or confidentiality concerns are ... sufficiently critical[.]" *Jacobson,* 6 F.3d at 238. "Upon proper circumstances, courts must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *America Online, Inc. v. Anonymous Publicly Traded Co.,* 261 Va. 350, 542 S.E.2d 377, 384 (2001) (citing *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir.2000)).

## III. DISCUSSION

■ The Court denies Plaintiff's motion to proceed with this suit pseudonymously because Plaintiff does not plead a substantial privacy right or a substantial risk of retaliation that outweighs the presumption of openness in judicial proceedings and the

risk of unfairness to CFA Institute.[2]

■ In *James v. Jacobson*, 6 F.3d 233, the United States Court of Appeals for the Fourth Circuit provided guidance to the "proper exercise of discretion" by district courts in a list of factors that should be considered in assessing parties' requests for anonymity. 6 F.3d at 238–239. Derived from a number of federal circuit and district court decisions, the *Jacobson* factors include:

[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

[2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

[3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* The factors courts in the Fourth Circuit consider in deciding whether to allow litigants to proceed anonymously all disfavor permitting Plaintiff JA to bring his suit against CFA Institute under a pseudonym.

First, the Court considers "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature[.]" *Jacobson*, 6 F.3d at 238. The interest Plaintiff asserts in support of his motion to proceed pseudonymously is avoiding "public embarrassment and exposure to negative publicity and adverse actions by other persons active in the financial world who might make false assumptions about Plaintiff's character and abilities were his true name to be publicly disclosed in connection with allegations of cheating on the CFA's national certification exam." Pl.'s Mot. at 1. In his complaint, JA also asserts an interest in avoiding "injury to his reputation incident to association with an allegation of 'cheating.'" Compl. ¶ 3. These interests in avoiding embarrassment, criticism, and reputational harm are not privacy interests in a matter of an especially sensitive or highly personal nature and, otherwise, are not sufficient to overcome the public interest in the openness of JA's civil action against CFA Institute. *See Merten*, 219 F.R.D. at 392 ("the risk that a plaintiff may suffer some embarrassment is not enough to allow him to proceed anonymously[ ]") (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir.2000)); *America Online*, 542 S.E.2d at 384 ("the likelihood of the plaintiff suffering some embarrassment or economic harm is not enough by itself to permit anonymity[ ]"). "[T]he types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control,

2. The Court notes at the outset of its analysis that it would face a very different question than the one presented in Plaintiff's Rule 5.2 motion to file pseudonymously if Plaintiff merely requested a protective order under Rule 5.2(e) requiring that his actual CFA exam scores be omitted from pleadings in this case or requiring that answer sheets used during his CFA exams be redacted. On such a motion, the Court might very well determine that Plaintiff's interest in privacy, confidentiality, and avoidance of embarrassment and reputational harms outweigh the public's interest in knowing Plaintiff's CFA specific scores or certain contents of his CFA exam answer sheets.

abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families." *Merten*, 219 F.R.D. at 392 (footnotes omitted). *See also America Online*, 542 S.E.2d at 384. JA's action against CFA Institute may require JA to disclose facts relating to the Institute's allegations that JA cheated on his CFA Level II exam, which JA denies, and the Institute's ultimate determination that these allegations were true, which JA claims is false and was made under procedurally flawed circumstances. Compl. ¶¶ 16, 20, 24, 28, 36. These facts do not constitute "personal information of the utmost intimacy[ ]" or "a sensitive and highly personal nature[.]" *Wynne & Jaffe*, 599 F.2d at 712–713. Thus, the first *Jacobson* factor disfavors permitting Plaintiff to proceed with this litigation under a pseudonym.

Second, the Court considers "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties[.]" *Jacobson*, 6 F.3d at 238. Based on the facts pled in this case, this Court does not find that identifying Plaintiff by his true legal name poses any risk of retaliatory physical or mental harm to him or to anyone else. In his pleadings, Plaintiff asserts an interest in avoiding reputational harm and "adverse actions by other persons active in the financial world who might make false assumptions about Plaintiff's character and abilities were his true name to be publicly disclosed in connection with allegations of cheating on the CFA's national certification exam." Pl.'s Mot. at 1; *see also* Compl. ¶ 3. Not even Plaintiff claims that the risks he cites constitute risks of retaliation or that disclosure of his identity in connection with his suit against CFA Institute would expose him to risk of physical or psychological harm.[3] The reputational risks he cites are not sufficient to outweigh the public interest in the openness of this litigation. *See Wynne & Jaffe*, 599 F.2d at 713 (rejecting plaintiff lawyers' argument that disclosure of their identities would "leave them vulnerable to retaliation from their current employers, prospective future employers and an organized bar that does not like lawyers who sue lawyers[ ]" such that the court's protection of their anonymity was warranted).[4] Thus, the second *Jacobson* factor disfavors permitting Plaintiff to proceed with this litigation under a pseudonym.

Third, the Court considers "the ages of the persons whose privacy interests are sought to be protected[.]" *Jacobson*, 6 F.3d at 238. "Courts are often more willing to allow parties to proceed anonymously in order to protect the privacy rights of children." *Doe v. N.C. Cent. Univ.*, 1999 WL 1939248, at *4 (citing *Jacobson*, 6 F.3d at 241 and *Stegall*, 653 F.2d at 186). Plaintiff does not plead that he is of an age that would favor allowing him to proceed without disclosing his legal name. Though Plaintiff does not plead his precise age, his

---

**3.** Plaintiff might have asserted a risk of retaliation from CFA Institute itself relating to his continued pursuit of certification through the program administered by the Institute, but the Institute is already aware of Plaintiff's true identity, *see* Pl.'s Mot. at 1–2, and therefore permission for Plaintiff to proceed pseudonymously would not ameliorate the risk of retaliation from the Institute.

**4.** The Court does not even consider the risk of the mere reputational harm Plaintiff cites substantial considering his own assertion that " '[t]he purpose of the litigation is to establish that [he] was not dishonest and did not cheat.' " Pl.'s Reply at 2. If this civil action serves its purpose and effectively exonerates Plaintiff of cheating on his CFA Level II exam, then there can be no risk that the disclosure of his identity in connection with the suit will substantially harm his reputation.

current level of progress through the CFA program, a graduate-level program, supports the inference that he is an adult. This case presents no risk that the privacy rights of children would be violated by the disclosure of Plaintiff's identity. Thus, the third *Jacobson* factor disfavors permitting Plaintiff to proceed with his suit without disclosing his legal name.

Fourth, the Court considers "whether the action is against a governmental or private party[.]" *Jacobson*, 6 F.3d at 238. Courts are more likely to grant a plaintiff permission to anonymously bring suit against a governmental entity than a private entity because "an action against a private party can result in damage to the defendant's reputation as well as economic harm" in ways that do not raise similar concerns in civil actions against the government. *Merten*, 219 F.R.D. at 394 (citing *Wynne & Jaffe*, 599 F.2d at 713). Since CFA Institute is a private corporation, *see* Compl. ¶ 4, and not a governmental entity, the fourth *Jacobson* factor disfavors permitting Plaintiff to proceed without disclosing his legal name.

Fifth, and relatedly, the Court considers "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Jacobson*, 6 F.3d at 238. As noted above, civil actions against private parties expose them to the risk of reputational and economic harms. *Wynne & Jaffe*, 599 F.2d at 713. In the present case, CFA Institute is accused of breaching its contract with a candidate to the widely coveted CFA certification and making an arbitrary, capricious, and erroneous determination that the candidate cheated on a CFA exam and did so through a process that unfairly precluded the candidate from effectively defending himself against the charges of cheating. Compl. ¶¶ 43–68. Certainly, this action exposes CFA Institute to risk of damage to its reputation, which is particularly important to an entity involved with setting standards and conferring credentials recognized throughout the entire finance and investment industry. *See* Compl. ¶¶ 4–5. Given the risks Plaintiff's suit poses to CFA Institute's reputation, basic fairness dictates that Plaintiff JA, as the Institute's accuser, advance its suit under his real and full legal name. *Cf. Wynne & Jaffe*, 599 F.2d at 713 (holding that "[b]asic fairness dictates" the identification of defendant law firms' accusers when defendants "stand publicly accused of serious violations of federal law [Title VII violations]"). Also, permitting Plaintiff to assert his claims against the Institute without having to disclose his name would invite meritless lawsuits from other CFA candidates against whom the Institute has taken disciplinary action, offering them a forum to tarnish the reputation of the Institute without risk of harm to their own reputation. *See* Def.'s Opp. at 12. Thus, the fifth *Jacobson* factor disfavors permitting Plaintiff to proceed with his suit under a pseudonym.

In addition to his assertion of an interest in avoiding embarrassment and harm to his reputation, Plaintiff asserts two arguments supporting his motion to proceed pseudonymously. First, Plaintiff argues that his interest in confidentiality in this case is affirmed in Defendant CFA Institute's own internal policies and procedures, which allegedly "guarantee that Plaintiff's true name would not be disclosed, by Defendant, in conjunction with any exam-related disciplinary proceedings." Pl.'s Mot. at 2; *see also* Pl.'s Reply at 3. Also, Plaintiff notes Defendant's "agree[ment] in communications with Plaintiff to refrain from public exposure of his name or disclosure of his identity as a person accused of cheating and a person suspended from participation in the CFA program." Pl.'s Mot. at 2. Plaintiff sug-

gests that this Court should sustain the confidentiality of Defendant's cheating allegations and disciplinary actions against Plaintiff by permitting him to proceed with the present suit without disclosing his true name. Second, in response to Defendant's argument that the *Jacobson* factors disfavor permitting Plaintiff to proceed pseudonymously, Plaintiff argues that, in *Jacobson*, "the Fourth Circuit mandates a rule of flexibility and attendance to the nuances of each case that should guide this Court's exercise of its discretion." Pl.'s Reply at 3. The Court finds both arguments unpersuasive.

The Court is not persuaded by Plaintiff's argument regarding CFA Institute's confidentiality practices mainly because the Institute's obligations to CFA candidates are wholly unlike this Court's obligations to litigants who appear before it and to the general public. Though CFA Institute's policies and procedures quite appropriately observe the confidentiality of any accusations made and disciplinary actions taken by the Institute against CFA candidates, the Institute, unlike this Court, has no obligation to the public to expose to public scrutiny its internal decisions and actions with respect to particular CFA candidates, unless of course a colorable legal claim is asserted against the Institute in relation to such internal decisions and actions, as Plaintiff attempts to assert in his complaint. *See Craig*, 331 U.S. at 374, 67 S.Ct. 1249 ("What transpires in the court room is public property."); *Stegall*, 653 F.2d at 186 (citing the "customary and constitutionally embedded presumption of openness in judicial proceedings"); *Frank*, 951 F.2d at 323; *Merten*, 219 F.R.D. at 390. Indeed the prominent standard-setting role played by CFA Institute and the widespread recognition of the CFA certification within the finance and investment industry provide compelling reasons why members of the general public would take an interest in a CFA candidate's suit against the Institute for breach of contract and unfair treatment. The public's right to know the identity of a person accusing CFA of such wrongdoing and using the judicial system to seek redress precludes this Court from helping the accuser to keep his identity secret on the mere basis that the CFA Institute has thus far kept his identity secret. Additionally, this Court has an obligation to treat defendants summoned before it fairly in connection with the claims brought against them. As noted above, considering the risks this litigation poses to CFA Institute's reputation, basic fairness requires that the identity of the Institute's accuser be disclosed to the public.

Also, this Court is not persuaded by Plaintiff's argument regarding the flexibility of the rule set forth in *Jacobson* because, as the Fourth Circuit held in that case, a district court's "failure ... to take into account judicially recognized factors constraining its exercise [of discretion]" may constitute an "abuse of discretion" warranting reversal. *Jacobson*, 6 F.3d at 239. Both Plaintiff's original motion and reply to Defendant's opposition brief lack any attempt to justify allowing Plaintiff to proceed pseudonymously using the *Jacobson* factors. Though Plaintiff is correct to note that this Court's decision on whether to permit Plaintiff to advance its suit without disclosing his name rests within the Court's discretion, the Court would abuse its discretion by refusing to allow the *Jacobson* factors to guide and constrain its decision. Because every factor listed in *Jacobson* disfavors allowing Plaintiff to proceed with his suit under a pseudonym, this Court, in its discretion, denies Plaintiff's motion and directs Plaintiff to file a complaint that meets Federal Rule of Civil Procedure 10(a)'s requirement of including Plaintiff's actual legal name in its title.

## IV. CONCLUSION

The Court DENIES Plaintiff JA's motion to file his complaint under a substituted name because Plaintiff does not plead a substantial privacy right or a substantial risk of retaliation that outweighs the presumption of openness in judicial proceedings and the risk of unfairness to Defendant CFA Institute. First, the interest Plaintiff asserts in support of his motion is not a privacy interest in a matter of a particularly sensitive or highly personal nature but rather is an interest in avoiding the embarrassment and exposure to public scrutiny that commonly attend litigation. Second, identifying Plaintiff by his true legal name does not pose a risk of retaliatory physical or mental harm to him or to anyone else. Third, Plaintiff is an adult and therefore cannot assert the sort of privacy interest deserving of this Court's special protection as a child or parent of a child who is the subject of litigation might assert. Finally, Plaintiff's suit is against a private party and poses a risk to that party's reputation such that basic fairness requires the disclosure of Plaintiff's identity in connection with the suit.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Rule 5.2 Motion to File Complaint under a Substituted Legal Name is DENIED. It is further

ORDERED that Plaintiff is directed to file a complaint that includes his full, legal name in its caption within ten (10) days of the date of this Order.

The Clerk is directed to forward a copy of this Order to counsel.